[666] BUTLER and others *vs.* HEMPSTEAD'S ADMINISTRATORS.

Under the provisions of the Revised Statutes, in reference to the *duties of executors and administrators in the payment of debts and legacies,* a judgment *by default* against executors or administrators is no longer an admission of assets, and in an action against them on such judgment, suggesting a *devastavit,* they are not estopped from denying a sufficiency of assets

*It seems* that there is no necessity for an executor or administrator to *defend* a suit commenced against him, except for the purpose of fixing the amount in controversy.

And *it also seems* that a surrogate has authority, upon the application of a judgment creditor, to grant an order to show cause why an execution should not issue, as well where the judgment is obtained *by default,* as where it is rendered on verdict after contestation.

EXECUTORS and administrators. In May term, 1835, the plaintiffs obtained a judgment *by default,* against the defendants *as administrators,* for $1203.66, to be levied of the goods of the intestate; upon which an execution issued, which was returned *nulla bona,* except as to $32.37. A suit was then commenced upon the judgment against the defendants in their *individual characters,* alleging a *devastavit.* The defendants did not appear, and judgment was obtained against them by *default,* in July, 1836, for the amount of the debt and $30 damages. The defendants now ask to be let in to defend on affidavits: that within 20 days after the commencement of the second suit they retained an attorney, who they supposed had properly attended to the defence, until they were called upon by the sheriff with an execution, who levied the same upon their individual property; that the attorney is wholly insolvent; that the *assets* of the intestate are not sufficient to pay more than about half of his debts; that the estate is not settled; that no account has been rendered to the surrogate nor has any order requiring an account, or for distribution, been made by him. On the part of the plaintiffs, it was shown that a partial payment of $131, had been made by one of the defendants on the 13th July, 1835, on the judgment firstly obtained; and that the [667] defendants had been advised that by reason of the default, they had become individually liable for the payment of the debt.

*By the Court,* NELSON, Ch. J. The important question presented is, whether, since the Revised Statutes, the first judgment against the defendants *by default,* is an admission of *assets* sufficient to satisfy it; if not, then there may be a valid defence to the second action, to wit, a denial of the *devastavit* alleged, and the defendants should have an opportunity to come in and defend. Before these statutes it was well settled, the judgment was conclusive evidence; and the defendant of course was estopped from denying the sufficiency of assets in debt upon the judgment suggesting a waste. The omission to plead a deficiency, was construed into a confession of assets. (1 *Saund.* 219, *n.* 8; 3 *East,* 2; 1 *Johns. Ch. Cas.* 27; 4 *Cowen,* 445; *Ram on Assets, &c.,* 303, 4.)

The Revised Statutes, I think, have altered the law. The 27th section (2 *R. S.* 87,) directs that the executor and administrator shall pay the debts of the deceased in the following order of classes : 1. Debts entitled to a preference under the laws of the United States of America. 2. Taxes assessed upon the estate of the deceased previous to his death. 3. Judgments docketed and decrees enrolled against the deceased, according to priority. 4. Recognizances, bonds, sealed instruments, notes, bills, and unliquidated demands and accounts. The next section (28th) provides, that no preference shall be given in the payment of any debt over debts of the same class, except those specified in the third class; nor of debts due, over those to become due; and that the commencement of a suit, or obtaining a judgment against the executor or administrator, shall not entitle such debt to any preference over others of the same class. By the 31st section, (*p.* 88,) the executor or administrator, in a suit against him, may show, under notice given with his plea of the general issue, that there are debts of a prior class unsatisfied, or that there are unpaid debts of the same class with that on which the suit is brought, and judgment shall be rendered only for such [668] part of the assets in his hands as shall remain after satisfying the debts of

Butler *v.* Hempstead's Administrators.

the prior class, and as shall be a just proportion to the other debts of the same class with that on which the suit is brought; but judgment for the whole or part of the debt may be taken to be levied of future assets. By section 32d, no execution shall issue upon a judgment against an executor or administrator until an account of his administration shall have been rendered and settled, or unless on an order of the surrogate who appointed him. If an account has been rendered to the surrogate, execution shall issue only for the sum that shall have appeared on the settlement to have been a just proportion of assets applicable to the judgment. These several provisions most effectually abolish all preferences in the payment of debts, except in respect to those of a higher degree, together with judgments and decrees existing against the deceased, and secure a *pro rata* distribution where the assets are insufficient to satisfy all the debts. The general principle is not only declared, by forbidding preferences in the payment, but power is given to the executor and to the surrogate to accomplish the object of the statute. (§ 31, 32.) The suit may be defended, to prevent an absolute judgment beyond the just proportion; but even then an execution cannot issue till the estate has been settled, so as to enable the surrogate to ascertain what that proportion will be; or upon the order of this officer. It seems the judgment is not to be conclusive as to the proportion. Indeed, it must be in most cases impracticable to ascertain it till the settlement of the estate; nor do we discover any particular use in the 31st section. For an execution cannot issue upon a judgment against executors or administrators in any case until an account of their administration has been rendered, or an order from the surrogate; and then only for the just proportion of the assets. Whether the suit, therefore, is defended or not, is immaterial, for in either case no more than the just proportion of the debt can be legally collected if there is a deficit of assets. A judgment gives no preference. (§ 28, *p.* 87.) The executor or administrator may be compelled to render his account at any time after the expiration of eighteen months from the time of his appointment, (2 *R. S.* 92, § 52,) and of course with- (669] out an order of the surrogate no execution can issue upon any judgment till after that period, unless the account has been sooner voluntarily rendered. Sections 18 and 19, (in *p.* 116,) seem to have provided summarily for a more speedy partial payment of debts and legacies; also for a partial distribution. Upon the application of a creditor, the payment of his debt, or a proportional part thereof, may be decreed after six months from the granting of letters of administration; and the like as to a legatee or relative, in respect to his legacy or distributive share after one year. These provisions are useful where the estate is readily settled or clearly solvent. So if a creditor has obtained a judgment against the executor or administrator in a suit defended, after a trial upon the merits, he may apply to the surrogate for an order to show cause why execution shall not issue. (§ 19 *to* 22.)

There is an intimation in the opinion of Chief Justice Savage, in the case of *The People* v. *Judges of Albany Mayor's Court,* (9 *Wendell,* 489,) that the power of the surrogate to permit an execution to issue by an order under the 32d §, (*p.* 88,) is to be limited to the case of a *defended* suit, mentioned in the 19th §, (*p.* 116.) This was not so understood in the case of *Winne* v. *Van Schaick,* (9 *Wendell,* 448,) and it seems to me, with great respect, the language of the statute is too broad and unqualified to fairly authorize such a restricted interpretation. It is not, however, important to express a decided opinion upon the point in this case.

Judgment in second suit set aside, and all subsequent proceedings, on payment of costs.