only in cases where the application is based upon or concedes the validity of the judgment; and not to cases where the application is to vacate or set aside the judgment. When the motion is to set aside, either for irregularity or as matter of favor, no appeal to this court will lie, whatever may be the decision. It is a mere question of practice, and it has been long settled that there can be no review in an appellate court in such cases.

Appeal dismissed.

---

## COURT OF APPEALS, MARCH TERM, 1849.

### SHERMAN & BACHELDOR vs. DAGGETT & GREEN.

The granting or withholding general costs of the cause, in equity cases, rests in the discretion of the court of original jurisdiction, (with very few exceptions.) Any appeal will not lie upon the mere question of costs.

The Supreme Court, in August last, made a decree in favor of the complainants in a suit in equity, but without requiring the Defendants to pay the general costs in the cause. The complainants appealed from so much of the decree as denied costs.

S. STEVENS, *for the Respondent,* moved to dismiss the appeal.

A. TABER, *for the Appellants.*

THE COURT held, that with very few exceptions, of which this case was not one, the granting or withholding of costs in equity causes rests in the discretion of the court of original jurisdiction, and that an appeal would not lie upon the mere question of costs. (*Rogers* v. *Holly,* 18 Wend. 350.)

Appeal dismissed.

---

The Court of Appeals at the last March term, (1849,) in pursuance of a number of decisions heretofore made, (*Mayor, &c. of New York* v. *Schermerhorn and others, ante, page* 334, *and subsequent decisions on different pages,*) dismissed several appeals, (upon motion,) in cases where they were brought under the code, from orders, decrees or judgments made and entered previous to the 1st July last. They should have been appealed under the old law.