## PEOPLE *ex rel.* LUMLEY *v.* LEWIS.

A proceeding upon mandamus where there has been a return, issue joined, and a trial had thereon, is not a special proceeding under the Code, but an action.

Orders adjusting taxable costs are not appealable to this court.

On the relation of John Lumley and another, an alternative mandamus was granted by the supreme court, directed to the defendant Lewis and others, who were commissioners of

highways in the town of Cherry Valley, commanding them to open a certain highway, or show cause, &c. The defendant made a return to the writ, and the relators pleaded to the return. The issues were tried at circuit, and a verdict rendered in favor of the relators. The relators then applied, at special term, for final judgment, with costs, and a peremptory mandamus, and the application was granted.

Under the order thus obtained, the costs were taxed by the county judge, as in an action, under the fee bill of the Revised Statutes, but on defendants' motion a re-taxation was ordered at special term, on the ground that they should have been taxed as in a special proceeding.

*The supreme court,* at general term, reversed this decision, on the ground that costs should be taxed as in an action (reported in 28 *How. Pr.* 159), and defendants appealed to this court.

The relators moved to dismiss the appeal.

*E. Countryman,* for the motion.

*D. C. Bates,* opposed.

BY THE COURT.—DAVIES, J.—The reversal by the general term of the order of the special term, was, in effect, an affirmance of the adjustment and taxation of costs. From this order of the general term the defendants have appealed to this court, and the relators move to dismiss the appeal.

The judgment entered upon the writ of mandamus in this action is reviewable in this court, and, upon the appeal from such judgment, this court has power to review any intermediate order involving the merits, and necessarily affecting the judgment. *Code of Pro.* § 11, subd. 1. The intermediate order herein referred to is any order of the character described, made in the action, after the commencement of the same, and before final judgment entered. The order appealed from in this action was made after judgment, and does not, therefore, fall within the provisions of this part of the Code, neither is it embraced in subdivision 2 of the same section. It is not an order which in effect determines the action, and prevents a judgment from which an appeal might be taken to this court. It is not

a final order made in a special proceeding, for this is an action. Neither is it a final order made upon a summary application in an action after judgment. The order appealed from, therefore, does not fall within any classification of orders appealable to this court, as defined by the Code.

But a conclusive objection to the appeal is that this court does not review questions upon the adjustment and taxation of costs. Orders made for readjustment or retaxation, or orders made affirming such adjustment and taxation, are not appealable to this court. Such has been the well-settled practice of this court. Sherman v. Daggett, 3 *How. Pr.* 426.*

The application should be dismissed, with costs.

A majority of the judges concurred.

Appeal dismissed, with costs.

---

* In Sherman v. Daggett, 3 *How. Pr.* 426, which is here referred to, the court, upon the authority of Rogers v. Holly, 18 *Wend.* 350, dismissed an appeal by complainants from so much of a decree in chancery, in their favor, as refused them costs. No written opinion was delivered; but the decision was on the ground that the award of costs in such a case was discretionary. See Lansing v. Russell, 2 *N. Y.* (2 *Comst.*) 563. See also on this subject, Downing v. Marshall, 37 *N. Y.* 380, and Rose v. Rose, 28 *Id.* 184.