McCRACKEN v. HALL.

McCRACKEN
v.
HALL.

A pump inserted in a well by a tenant, for his convenience, may be removed by him, during or at the expiration of his term, at pleasure.

If a tenant do not, during or at the expiration of his term, remove all fixtures erected by him on the demised premises, he will be presumed to have abandoned them.

That presumption will, however, be rebutted by proof of an oral agreement reserving to him the property in them and the right to remove them after the term has expired.

*Tuesday,*
*November 27.*

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—*Hall* sued *McCracken*, before a justice of the peace, for the value of a pump. On appeal in the Circuit Court, the cause was submitted upon the following agreed case:

"That on the —— day of *October*, 1852, *Rhoda Logan* had a dower estate in certain lands in said county, set off and assigned to her, and the plaintiff, *Hall*, was the owner in fee of said lands; that plaintiff was the tenant of said *Rhoda* and had been, of her said dower, and they lived together in the same house as a family; that while the plaintiff, *Hall*, and said *Rhoda* lived together in said house, which was on the dower estate, the plaintiff put a pump in the well on said dower estate, which was fastened to a platform, which was also nailed down; that plaintiff and *Rhoda*, on the above date, sold said land to defendant, *McCracken*, the plaintiff conveying by deed of warranty, and said *Rhoda* quitclaiming her dower; that they put defendant into possession; that at the time of making the contract of said sale, and at the time of making said deeds, the plaintiff, by parol, expressly reserved said pump; that the plaintiff told said defendant that he had put up said pump on said dower estate, and it was his property; that afterwards the pump was demanded by the plaintiff, and the defendant refused to let him take it away; that the demand was made on the premises after plaintiff had left and defendant was in possession; that the pump was worth 12 dollars; that at the time the deed was made, something was said about a written reservation of the

Nov. Term,
1855.

McCRACKEN
v.
HALL.

pump by the parties, but it was then considered that a writing was unnecessary for that purpose; that the pump belongs to plaintiff, unless he has lost his property therein by virtue of the making of said deed; that the defendant objects, and says that the parol reservation is not admissible as against the deed; that if from these facts the law is with the plaintiff, he shall have judgment for 12 dollars and costs; if not, the defendant shall have judgment for costs. *Scobey & Cumback*, for plaintiff. *Wilson & Bonner*, for defendant."

The Court held the law to be with the plaintiff, and gave him a judgment for 12 dollars.

We concur in opinion with the Circuit Court. As between landlord and tenant, the pump in question was undoubtedly a removable fixture. It was put into the well for the domestic convenience of, at least, the tenant for years, perhaps of the tenant for life also. " In modern times," says *Taylor*, Landlord and Tenant, 363, " the rule is understood to be, that, upon principles of general policy, a tenant, whether for life, for years, or at will, is permitted to carry away all such fixtures of a chattel nature as he has himself erected upon the demised premises for the purpose of *ornament*, *domestic convenience*, or *to carry on trade;* provided the removal can be effected without material injury to the freehold." A pump is a fixture of a chattel nature, that can be removed without material injury to the freehold.

The pump in question, as the evidence shows, was put up by *Hall* as the tenant of the dowress, *Rhoda Logan*, and we do not think it passed by his deed to *Mc Cracken*. Suppose *Hall* had deeded his reversionary interest in the land to *Mc Cracken*, while the dowress still retained her interest. Under such circumstances, *Mc Cracken* could not have taken the pump. It would have remained for the use of the tenant, *Hall*, who, at the expiration of his term, might have taken it away or abandoned it to his lessor, *Logan;* and had he done the latter, she would have had the use of it during her life, if it lasted so long.

*Hall*, then, had a right to remove this pump, or abandon

<div style="margin-note">
Nov. Term,
1855.

it to his lessor. The general rule is, that if a tenant do not remove his fixtures, during, or at the expiration of his term, he will be presumed to have abandoned them. "But if, in consequence of a verbal agreement with his landlord to purchase the fixtures, a tenant neglect to remove them during the term, he can not be supposed to have abandoned them to his landlord." *Taylor* on Landlord and Tenant, 369. So if by an express verbal arrangement he actually reserves them, with the privilege of removing them afterwards, the presumption of abandonment is rebutted, and the right of the tenant to his fixtures remains.

The reservation in this case was express as against both *Logan* and *Mc Cracken*, and was assented to by them.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*B. W. Wilson* and *S. A. Bonner*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellee.

