No. 9693.

PRICE v. MALOTT ET AL.

MORTGAGE.—*Personalty and Realty.*—*Fixtures.*—*Mills.*— *Pleading.*—Suit to foreclose a mortgage describing as " personal property " the undivided half of a grist-mill, stationary boiler and engine, and a stationary saw-mill. Answer that the property was a stationary steam saw and grist-mill ; that the defendant purchased the same in good faith without notice, and that the mortgage had been recorded only in the record of chattel mortgages.

*Held,* that the answer was bad, and did not show that the property was real estate.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell* and *J. A. Kersey,* for appellant.

FRANKLIN, C.—Appellant sued appellees Nance and Shock on three several promissory notes, and to foreclose a mortgage given by Nance to secure their payment, alleging that the other appellees claimed an interest in the mortgaged property, and making them parties thereto to answer as to such interest.

Appellee Millicent Malott answered by setting up ownership of the mortgaged property, freed from the mortgage, to which a demurrer was overruled, and a reply filed. Other issues were formed, and a trial had before the court; a finding was made for the plaintiff against Nance, and for the defendant Millicent Malott, and against the plaintiff as to the foreclosure of the mortgage. Over a motion by the plaintiff for a new trial, judgment was rendered upon the finding.

The plaintiff has appealed, and assigned as errors the overruling of the demurrer to the first paragraph of Millicent Malott's answer, and the overruling of his motion for a new trial. The paragraph of answer demurred to reads as follows:

"Comes now Millicent Malott, who has been admitted as a defendant in this cause, and for answer to all of the complaint, except the parts in relation to the wagon, bob-sleds and blacksmith tools, herein says, that she is now, and was at and before the commencement of this suit, the owner of the property in dispute, which is a stationary steam saw and grist-mill; that she purchased the same of Matthew McGrew and David Overman, who purchased the same from one Hugh Cox, the then owner thereof, and had the same conveyed to themselves as free and clear from all incumbrances. She avers that she purchased the same from said McGrew and Overman on the same day on which they purchased the same from said Hugh Cox, and that said McGrew and Overman conveyed the same to her as free and clear from all incumbrances. She avers that when she purchased and paid for the same she had no notice whatever or knowledge of the mortgage named in the complaint herein; that before she so purchased the same she caused an examination to be made of the proper records of mortgages of real estate in the re-

corder's office of Grant county, in which said property was and is situated, to discover if any mortgage liens were entered of record against the same; that there was not then any entry of record of said mortgage in said mortgage record. She avers that said mortgage had not been in any other manner recorded in said record; but that the same had been and was recorded in the record of chattel mortgages, into which she did not look or examine. Defendant avers that she paid a full and fair value and price for said property, and had done so before she had any notice of the mortgage in the complaint named. Wherefore she says that, by virtue of her said purchase, the title to said property vested in her clear from any liens of said mortgage," etc.

The question presented by this demurrer is, does the recording of the mortgage in the record of chattel mortgages operate as constructive notice to the purchaser of the mortgaged property?

The mortgage was dated and recorded March 25th, 1878; said appelleee purchased the mortgaged property in July, 1879. Appellee did not claim as against the mortgage the wagon, bob-sleds and blacksmith tools, but only the saw and grist-mills.

The mortgage referred to in the answer is made a part of the complaint, and a copy of the same filed therewith. The answer is to be considered with reference to the charge in the complaint. The mortgage is in the chattel form of a bill of sale, and describes the mortgaged property as follows: " The following described personal property, to wit: The undivided one-half of one grist-mill, with three run of burs, two for wheat and one for corn, stationary boiler and engine combined; also the undivided half of a stationary saw-mill and saw frame, and all the fixtures thereunto belonging," etc. Then follows a description of the property not claimed by appellee.

The answer is not based upon any claim to the land upon which the mills were situated, so as to connect the ownership of the realty with the ownership of the mills.

There is nothing in the answer that shows that the mills or any of the fixtures therein were in any manner attached to the realty, or that the mills and all the machinery and fixtures therein might not have been easily detached and readily removed without any damage to the freehold. Indeed, the answer shows that the mills had been traded around from one to another without regard to the freehold upon which they were situated. It rather shows that the parties were intending to and did treat them as personal property, or, at most, not beyond a chattel real. *Young* v. *Baxter,* 55 Ind. 188.

A house, if treated as personal property, may be held as such. *Foy* v. *Reddick,* 31 Ind. 414.

A tenant may remove fixtures and improvements erected for his own use, at any time during the tenancy, and, by agreement, afterwards; and, where there is a right to remove, they are treated as personal property. *McCracken* v. *Hall,* 7 Ind. 30; *State, ex rel.,* v. *Bonham,* 18 Ind. 231; *Cromie* v. *Hoover,* 40 Ind. 49; *Allen* v. *Kennedy,* 40 Ind. 142.

A dwelling-house is presumed to be realty until shown to be personalty. But it does not follow that the owner of a house necessarily makes it real estate by placing it on the land of a third person. *Griffin* v. *Ransdell,* 71 Ind. 440.

Saw and grist-mills are not necessarily real estate; they are used in mercantile business, and do not carry with them those ideas of fixedness and permanency that a dwelling-house does; they may or may not be real estate, dependent upon the circumstances and intentions of the parties. Where one erects such mills upon his own land, the presumption might be in favor of their being a part of the realty; but where he erects them upon the lands of another, the presumption would be equally as strong in favor of their being personalty. And where we only have the fact of one's owning the mills without knowing who owns the land upon which they are situated, perhaps no presumption would arise as to whether they were realty or personalty, and the facts must be resorted to in order to determine which they are.

In the case under consideration, the mortgage, being a part of the complaint, alleges that the mills were personal property; this the paragraph of answer does not deny, nor state facts sufficient to necessarily make them real estate. It, therefore, in this particular, fails to answer the complaint. As to the complaint, the record is constructive notice of the mortgage, and the court below erred in overruling the demurrer to the answer.

The bill of exceptions containing the evidence was not filed during the term at which the trial was had and the judgment rendered, and the record does not show that time was given to file it afterwards. No question is presented for consideration under the overruling of the motion for a new trial.

For the error in overruling appellant's demurrer to the first paragraph of appellee Millicent Malott's answer, the judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below as to appellee Millicent Malott be and it is hereby in all things reversed, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the first paragraph of appellee Millicent Malott's answer, and for further proceedings in accordance with this opinion; and that the judgment as to the other appellees be and the same is in all things affirmed, at appellees' costs.