Malott *v.* Price *et al.*

---

No. 11,649.

## MALOTT *v.* PRICE ET AL.

CONTRACT.—*Real Estate.*—*License.*—*Assignment.*—*Notice.*—An agreement, by which a party is to have certain land, "to hold and use as his own as long as he keeps a mill upon it and keeps the same in running order," is a mere naked license, creating no freehold estate in the land, and an assignee of the instrument is chargeable with notice of the nature of the interest assigned.

SAME.—*Personal Property.*—*Mill.*—*Chattel Mortgage.*—*Innocent Purchaser.*— The mill, by the terms of the agreement, being treated as personal property by the owner of the freehold and his licensee, an assignee of the instrument, notwithstanding the mill is a permanent structure, annexed to the real estate, is bound to know of its liability to be encumbered by chattel mortgage, and can not claim to be an innocent purchaser as against such a mortgage executed thereon by his assignor and properly recorded.

From the Grant Circuit Court.

*G. W. Harvey, A. Steele* and *R. T. St. John,* for appellant.
*J. F. McDowell* and *C. L. Henry,* for appellees.

MITCHELL, J.—On the 9th day of October, 1874, John Comer and Richard Babb, being the owners of adjoining tracts of land in Grant county, made an agreement with Shock and Clark, the material part of which was in the following terms:

" The said Comer and Babb agree to let Shock and Clark have two acres of ground on the southeast corner of Richard Babb's land, and out of the southwest corner of John Comer's land, to hold and use as their own as long as they keep the mill upon it, and keep the same in running order."

This agreement was signed by all the parties, but was not acknowledged. On the 22d of January, 1878, Shock and Clark assigned the agreement, by a writing endorsed on the back of the paper, to Jackson Nance. After several intermediate assignments endorsed thereon, the paper was in like manner assigned to the appellant, Millicent Malott, on the 3d day of April, 1879.

It may be inferred that a mill had been erected on the land before the agreement above set out was made. Apart from the inference arising from the language of the agreement above referred to, there is nothing in the record to show when, by whom, or under what arrangement or agreement the mill in controversy was erected.

While Jackson Nance held the agreement above set out, as the assignor of Shock and Clark, he executed a chattel mortgage to Micajah H. Moon, to secure an indebtedness owing by the mortgagor to Moon. The instrument recites that the mortgagor had bargained and sold to Moon " the following described personal property, to wit: The undivided one-half of one grist mill, with three run of burrs—two for wheat and one for corn, stationary boiler and engine combined, also the undivided one-half of a stationary saw mill and saw frame, and all the fixtures thereunto belonging, * * * situate in Franklin township, Grant county, Indiana."

This instrument was duly recorded in the chattel mortgage record of Grant county.

It is conceded that the mill described in the mortgage is the same as that referred to in the agreement above set out.

Price, as the assignee of Moon, commenced this suit to foreclose the mortgage, the appellant being described as a

defendant, claiming an interest in the mortgaged property.
A judgment of foreclosure having been given below, the appellant brings this appeal, and asks a reversal, on the ground
that she was an innocent purchaser of the mortgaged property without notice of the mortgage.   The argument on her
behalf proceeds upon the theory that the agreement between
Comer and Babb, on the one part, and Shock and Clark, on
the other, created in the latter a freehold estate in the land
therein described.   It is said the estate thereby created is in
the nature of a base or qualified fee, and that the mortgage
sought to be foreclosed was therefore an encumbrance upon
real estate ; hence, it is argued, since it appears from the evidence that the appellant purchased and paid for the property,
without actual notice of the encumbrance, the chattel mortgage record did not charge her with constructive notice.  The
case is before us upon a second appeal without substantial
difference as to the merits of the questions involved.   *Price*
v. *Malott*, 85 Ind. 266.

The agreement referred to contains no words of grant or
conveyance of any description whatever.   *Hummelman* v.
*Mounts*, 87 Ind. 178.   It was in legal effect nothing more
than a mere naked license, under which Shock and Clark were
authorized to occupy the land of Comer and Babb, so long
as they should see fit to keep the mill upon the land, and keep
it in running order.   *Knight* v. *Indiana, etc., Co.*, 47 Ind.
105 (17 Am. R. 692); *New York, etc., R. W. Co.* v. *Randall*,
102 Ind. 453.

Whatever interest or right the appellant acquired, if she
acquired any, she took by a mere assignment endorsed on the
back of the written memorandum.   Freehold estates in land
can not be created by an informal memorandum such as that
referred to, nor are such estates transferrible by merely assigning the deed which creates them.

While the record discloses nothing concerning the agreement under which the mill was erected, the plain inference

from the writing above set out is, that Shock and Clark had the right to remove it at their discretion. It was, therefore, as between them and the owners of the land, presumably personal property. *Price* v. *Malott, supra; Rogers* v. *Cox,* 96 Ind. 157 (49 Am. R. 152), and cases cited.

The appellant's interest in the property having accrued to her under and by an assignment of the agreement in question, her interest can not be greater in extent than was that of her assignor. Having taken an assignment of an instrument which could not with propriety be regarded as a conveyance of real estate, and which was only assignable on the assumption that it related to a chattel interest, she is chargeable with notice of the nature and quality of the interest assigned. The very instrument through which she claims recognizes the right of her assignor to treat the mill as personalty, and remove it from the land. She was, therefore, bound to know that the mortgaged property was subject to all the incidents of property of that description, one of which is the liability of being encumbered by chattel mortgage.

That the mill was a permanent structure, and annexed to the real estate, does not affect the question in a case like this. As we have seen, by the terms of the instrument under which the appellant claims as assignee, the mill was treated as personal property by the owners of the freehold, and their licensees. The appellant's assignors treated it as personalty, and mortgaged it as such.

The instruction given by the court, to the effect that if the owners treated the property mortgaged as personal property, and mortgaged it as such, the mortgage was properly recorded as against the appellant, was therefore not erroneous.

What has been said disposes necessarily of the other questions argued. The appellant's position can not be assimilated to that of an innocent purchaser of land, upon which trade fixtures have been erected, and permanently annexed to the soil, the purchaser being ignorant of a binding agreement

:authorizing the fixtures to be severed. It was agreed that the mortgage was duly recorded in the chattel mortgage record.

The judgment is affirmed, with costs.

