No. 673.

## SHAUVER v. PHILLIPS ET AL.

GRAVEL ROAD.—*Materials for Construction.*—*Taking by Right of Eminent Domain.*—*Paying Damages to Owner of Freehold.*—*Rights and Remedy of Tenant.*—Where contractors building a free gravel road required gravel therefor from the land of plaintiff's landlord, plaintiff being a tenant in possession of the land, and the contractors being unable to agree with the owner of the land as to the price of the gravel, appraisers were duly appointed who appraised the value of the material to be taken, and also assessed all damages to said land and to growing crops thereon, which was paid to the owner of the freehold, all being done with the knowledge and consent of the tenant, the tenant can not thereafter recover damages of the contractors to his leasehold, but may recover his share of the damages from his landlord; however, the better practice would be to make the tenant a party to the proceeding, and apportion the entire damages between the tenant and the owner of the freehold.

EVIDENCE. — *Self-Serving Statements.*— *Res Gestæ.* — *Gravel Road.*— Where the testimony of a gravel road contractor, in an action against him for damages by reason of the removal of gravel for the construction of the road, was to the effect that he was frequently at the farm where the plaintiff lived, while his men were taking gravel therefrom, and that he directed his foreman to be careful about the property, particularly about the house, such evidence was incompetent, being a statement in his own interest, and made in the absence of the adverse party, without any accompanying act to which it could attach.

SAME.—*Incompetent Evidence.*—*Admission of.*—*Damages Wrongly Assessed.*—*Attributable Cause.*—Where improper evidence has been admitted, and it is manifest that something other than the evidence properly admitted has guided the jury in assessing the damages, it is safe to charge the wrong result to the admission of improper evidence.

Opinion on motion for rehearing by GAVIN, C. J.; dissenting opinion by LOTZ, J.

From the Jay Circuit Court.

*J. W. Headington* and *J. F. La Follette*, for appellant.
*J. J. M. La Follette* and *O. H. Adair*, for appellees.

GAVIN, J.—The appellant brought suit against the ap-

pellees, alleging that he was the tenant in possession of certain real estate upon which appellees had wrongfully entered and destroyed his garden and growing crops, dug up his well, undermined and thrown down his house.

Appellees answered by a general denial, and also by an affirmative answer justifying their acts, alleging, in substance, that they were contractors building a free gravel road, for which gravel from the land occupied by appellant was required, on the price of which they could not agree with the owner, and that by proper proceedings appraisers were duly appointed, who appraised the value of the material to be taken and also assessed all damages to said land and to all growing crops thereon, and that they paid the same to the owner of the freehold, including therein all the items of damage for which plaintiff claims in this action, all of which was done with the "full knowledge and consent of appellant," who made no claim therefor. It is also alleged that the gravel was removed in a careful and proper manner.

To this answer a demurrer was overruled and the ruling excepted to, and this action of the court is assigned for error, several objections being presented to the pleading.

It is urged that the answer does meet the entire complaint, particularly that concerning the undermining of the house. It does, however, plainly and specifically aver that all damages to the crops and land were assessed, which would, in the absence of any allegations as to any special rights in the house by the tenant, necessarily embrace damage to the house or the land, because the land includes the house. *Griffin* v. *Ransdell*, 71 Ind. 440; *Price* v. *Malott*, 85 Ind. 266.

The answer also alleges that "every item mentioned by plaintiff" was fully paid for. No other construction can fairly be given to the pleading than that all items of

damage set forth in the complaint are included in the answer.

The answer was not bad for a want of a copy of the assessment proceedings. Whatever may have been the rule at the time of the decision of the case cited by counsel, the rule has long been well settled that in pleading judicial proceedings, for all ordinary purposes, copies are unnecessary. *Lytle* v. *Lytle*, 37 Ind. 281; *Becknell* v. *Becknell*, 110 Ind. 42.

It is also claimed that the answer is bad because of the fact that appellant was not a party to the assessment proceedings, and could not be bound thereby, and his damages have not been paid to him.

It would doubtless have been the correct and safe practice to have made appellant a party to that proceeding, and to have apportioned the entire damages between the tenant and the owner of the freehold separately, according to their respective rights. Lewis on Em. Dom., section 515; *Rentz* v. *City of Detroit*, 48 Mich. 544; *Burbridge* v. *New Albany, etc., R. R. Co.*, 9 Ind. 546.

It has been held, however, that when, in the exercise of the right of eminent domain, full damages to the entire property have been assessed and paid to the landlord, an action would lie against him in favor of the tenant in possession for his proper share of the damages. *Harris* v. *Howes*, 75 Me. 436.

In this case, it was competent for the tenant to consent that the full damages, both to the leasehold and the freehold, should be assessed and paid to the owner of the fee by the contractor, thus leaving the tenant and the landlord to apportion the damages between themselves.

The question here is not whether appellant is estopped by mere passive acquiescence in the payment of his damages to the owner of the freehold, for the statement of pleading is much stronger than this, alleging that the

damages were so assessed and paid with appellant's consent, which, taken in connection with the other allegations, necessarily involves his active participation in the adjustment to that extent. It would be highly inequitable to permit appellant to now claim from the appellees money which, with his consent, has already been paid to another.

None of the objections presented to the answer are well founded.

Upon the trial, one of the appellees, John Lally, testified "that he was frequently at the farm where the plaintiff lived while the men were taking gravel therefrom," and that he directed his foreman to be careful about the property, particularly about the house.

Counsel for the appellee attempt to justify the admission of this instruction to the foreman upon three grounds:

1st. As a part of the *res gestæ.*

2d. To show that there was no willful or malicious destruction of property.

3d. Because defendants were not liable for damage caused by the unnecessary destruction of crops by persons working in or about the pit.

We can not see that the admission of this evidence can be sustained upon any of these grounds. There was neither allegation in the complaint, nor proof on the trial, that the acts complained of were maliciously done. The appellees were responsible for the acts of their servants while engaged upon their work and within the scope of their employment, although they were not expressly authorized to do the act complained of, and appellees' instructions to exercise care would not relieve them, if in fact the servants failed to exercise it. *Carter* v. *Louisville, etc., R. W. Co.,* 98 Ind. 552; *Pennsylvania Co.* v. *Weddle,* 100 Ind. 138.

"The master's orders to his servant can not relieve him from responsibility." Wood on Master and Servant, section 283; *Philadelphia, etc., R. R. Co.* v. *Derby,* 14 How. (U. S.) 468.

The evidence can not be justified as a part of the *res gestæ.* This is a declaration in his own interest made by a party in the absence of the other party. It is true that declarations accompanying an act which explain or give character to the act are sometimes admissible, even although made in the absence of the other party and in the interest of the party making them. *Creighton* v. *Hoppis,* 99 Ind. 369; here there was no act done by the witness in connection with this statement, no accompanying act to which it could attach or which it could in any manner explain or modify. It simply appears that the witness was present at the farm where the work was going on, and that he gave these directions to his foreman. Whether any acts in furtherance of the work were at this time being done by any one, does not appear.

In the case of *Creighton* v. *Hoppis, supra,* it is said: "We do not hold, nor mean to hold, that declarations unaccompanied by an act are admissible; on the contrary, we understand the rule to be against their admissibility."

The admission of this evidence was erroneous, nor are we able to say, from the record, that it was not harmful to the appellant.

Some other questions are discussed which we do not now decide, because they may not arise again.

The judgment is reversed, at the costs of the appellee, with instructions to the court to grant a new trial.

Filed Jan. 18, 1893.

### ON PETITION FOR A REHEARING.

GAVIN, C. J.—Appellee has filed a petition for rehearing, based upon the claim that the introduction of the evidence, by reason of which a reversal was ordered, was not prejudicial to appellant. Appellees' answer of justification was held bad by the court, until they had added an allegation that they only did what was necessary to do to take the gravel so assessed and paid for by them, and did this, also, in a careful manner.

The exercise of proper care was evidently deemed by the court and counsel a material fact to enable them to sustain their answer. Neither the issue made by this answer, nor the evidence introduced, were by any instructions withdrawn from the jury. The evidence complained of, while not legally competent, was of such a character as would, when received with the approval of the court, be regarded by the jury as bearing upon the question of proper care as presented by the issues in the cause; and counsel for the appellees, in their original brief in this cause, argued the propriety of its admission upon this ground. They state it to have been "evidence given by one of the appellees concerning what he did in regard to exercising care in taking out gravel." They also say: "We think this was proper," and then proceed to assert it to have been directly within the issues in the cause.

We think it late for counsel to urge that the evidence was harmless.

We may add, what we did not deem it necessary to say in the original opinion, that the damages assessed are too small, as shown by an overwhelming preponderance of the evidence, and there is, in fact, hardly sufficient evidence to sustain the finding under even the liberal rule

applicable in support of verdicts.   Where it is manifest that something other than the evidence  properly admissible  has guided the  jury in assessing the damages, we are of opinion that it is safe to charge the wrong result to the admission of improper evidence.

The petition for rehearing is therefore overruled.

Filed June 10, 1893.

## Dissenting Opinion.

Lotz, J.—The action made by the complaint is one to recover damages for a simple trespass upon real estate. There is no charge in the complaint that the trespass was maliciously committed.   The appellees answered, first, in denial; and, secondly, by way of confession and avoidance.

The entry upon the lands was a conceded fact, both in the pleadings and upon the trial of the case.   Appellees, however, sought to defeat a recovery by showing that the appellant had estopped himself in standing by and permitting appellees, with his knowledge and consent and acquiescence, to pay all the damages to the lands and crops to the owner of the fee.   After the entry was admitted, the only controverted questions were the estoppel and the amount of the damages.   The motives that actuated the appellees and the manner in which the entry and removal of the gravel were done, were wholly immaterial.   The extent of the acts done, and the injury flowing from them, were the material questions.

The sole ground for the reversal, as stated in the former opinion, is that the court improperly permitted one of the appellees to testify to a statement and direction given to his foreman concerning the manner in which he desired the work to be done.   The witness stated "that he was frequently at the farm where the plaintiff lived while the men were taking gravel therefrom,'' and  that he di-

rected his foreman to be careful about the property, particularly about the house.

The record before us shows that before this testimony was offered the appellant and several other witnesses had testified fully as to the manner and extent of the trespass and the injury done to the growing crops and tenancy. This testimony was given by the appellant on his own motion, and it was before the jury at the time the evidence of which complaint is made was offered. The ultimate fact or act itself was given in evidence by the appellant on his own motion.

Under the circumstances of this case, it is inconceivable to me how a declaration concerning a fact can be deemed hurtful when the fact itself remains in evidence. Appellant voluntarily gave the substance and now complains of the shadow.

I think the petition for a rehearing should be granted.

Filed June 10, 1893.