## DOUGLAS ET AL. *v.* INDIANAPOLIS & NORTHWESTERN TRACTION COMPANY.

[No. 5,487.   Filed February 14, 1906.]

1. TRIAL.—*Motions.*—*Venire de novo.*—A motion for a *venire de novo*, as applied to a general verdict, questions only such defects as appear upon the face of the record.   p. 335.

2. APPEAL AND ERROR.—*Order Book.*—*Bill of Exceptions.*—*Conflict.*—*Which controls.*—Where there is a conflict between the order book and the bill of exceptions, as to whether a motion was joint or several, the bill controls.   p. 336.

3. TRIAL.—*Motions.*—*Venire de Novo.*—*Reasons.*—*Appeal and Error.*—A motion for a *venire de novo*, oral or written, must disclose the reasons therefor, and such reasons must be shown by the record.   *Swift* v. *Harley*, 20 Ind. App. 614, limited.   p. 336.

4. EMINENT DOMAIN.—*Interurban Railroads.*—*Awards.*—*Exceptions.*—*Effect of.*—*Burden of Proof.*—The filing of an exception to an award, in condemnation proceedings by an interurban railroad company, in effect sets aside such award and the cause must be tried *de novo*, the burden being upon the landowner to prove his damages.   p. 337.

5. SAME.—*Awards.*—*Payment.*—*Effect of.*—The payment of an award in condemnation, by an interurban railroad company, gives the right of possession to the lands appropriated, but does not preclude an appeal by such company.   p. 337.

6. JUDGMENT.—*Motion to Modify.*—*Parties.*—Where judgment, on an appeal from an award in an interurban railroad condemnation proceeding, is rendered against the landowners for the return of the excess of the award over the judgment on appeal, the lessee is not injured in overruling his motion to modify same, no part of such judgment being against him.   p. 338.

7. EMINENT DOMAIN.—*Awards.—Appeal.—Judgment for Excess.* —Where an interurban railroad company paid an award in condemnation, but on appeal the verdict was for a smaller sum, the trial court is authorized to render judgment in favor of such company for the excess so paid, such payment being involuntary in a legal sense. p. 338.

8. JUDGMENT.—*Personal.—Nonresidents.—Waiver.*—Where nonresidents enter a full appearance and file pleas in bar in an interurban condemnation proceeding, personal judgments may be rendered against them, such appearance being a waiver of the right to question jurisdiction. p. 339.

9. COSTS.—*Basis of Right.*—Costs are given or withheld by legislative authority. p. 339.

10. SAME.—*Eminent Domain.—Appeals from Awards.—Civil Actions.*—Costs, in an appeal from an award in condemnation, are taxable as in other civil causes on appeal. p. 339.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Condemnation proceedings by the Indianapolis & Northwestern Traction Company against Thomas W. Douglas and others. From a judgment for defendants for less than their claim, they appeal. *Affirmed.*

*W. R. Moore,* for appellants.

*Pierre Gray,* for appellee.

MYERS, J.—In the court below, appellee, by filing an instrument of appropriation, sought to appropriate a strip of land belonging to appellants Thomas W. Douglas and his wife, Nettie B. Douglas, for a right of way as authorized by an act of the General Assembly approved March 11, 1901 (Acts 1901, p. 461, §§4, 5, §§5468d, 5468e Burns 1901), and as amended by an act approved February 26, 1903 (Acts 1903, p. 92, §§2, 3, §§5468d, 5468e Burns 1905). By this instrument it is made to appear that Douglas and Douglas were the owners of the real estate sought to be appropriated; that Sherman L. Culbertson was and is a tenant of said owners, and in possession of, and claiming some interest in, the real estate, the nature of which is unknown to appellee, and he is made a party in order that he may protect any interest he may have in or

to the real estate sought to be appropriated. LeSeure is made a party as mortgagee in order that he may protect his interest. Douglas, Douglas and Culbertson appeared and answered by a general denial. No answer by LeSeure. Upon such act of appropriation such proceedings were had that appraisers were appointed who assessed and awarded to Douglas, Douglas and Culbertson, appellants herein, the sum of $2,550 as damages. On August 24, 1903, Douglas, Douglas and LeSeure acknowledged the receipt of the entire sum of $2,550 so awarded by such appraisers, and on the same day Culbertson receipted to said clerk for his interest in said award. Within the time allowed therefor appellee in the court below duly filed its exceptions to said award for the reason that "(1) the award of damages is too large, and (2) the award of damages is excessive." Other reasons were assigned, which, on motion of appellants, were by the court stricken out. A general denial to the exceptions formed the issue. Upon a trial by jury the damages of Thomas W. and Nettie B. Douglas were assessed at $2,000.

The transcript before us shows that the verdict of the jury was returned on March 15, 1904. On March 17 the following order-book entry, omitting the formal parts, appears: "Come the defendants by W. R. Moore, and move for a *venire de novo.*" It does not appear that any written motion was filed, or that reasons were assigned in its support. On June 24, from an order-book entry made on that day, we take the following: "And the court having considered the motion of defendants Thomas W. Douglas, Nettie B. Douglas and Sherman F. Culbertson for a *venire de novo,* now overrules the same, to which ruling of the court said defendants at the time except separately and severally, and said defendants also jointly except to said ruling." Thereupon the court rendered judgment setting aside the award of the appraisers, and in favor of Thomas W. Douglas and his wife, Nettie B. Douglas, for $2,000,

as their damages on account of the appropriation of a strip of ground, particularly describing it, being the same land described in the instrument of appropriation, and vesting the title thereto in appellee as and for a right of way for its railroad. The court also found that on August 12, 1903, appellee had paid to the clerk of the court, for the use of Douglas, Douglas, LeSeure and Culbertson, the sum of $2,550 so awarded by the appraisers, which had been accepted as heretofore stated, and rendered judgment against Douglas and Douglas for $550, with interest, making in all the sum of $578.50, together with its cost from and including the filing of the exceptions. Appellants Douglas, Douglas and Culbertson filed their motion to modify the judgment by striking out all that part relative to the recovery by appellee of the $550 and interest, for the reason (1) that that part of the judgment is without the issues; and (2) because, Douglas and Douglas being nonresidents of the State at the time of the bringing of this action, the pleadings do not authorize a personal judgment, and that the court had no jurisdiction over the person of each of the appellants to enter personal judgment. This motion was overruled and exceptions reserved.

Each appellant separately assigns the same errors and discusses the same questions.

(1) Our attention is called first to the motion for a *venire de novo,* the overruling of which is assigned as error. A *venire de novo* is a common-law remedy, and by

1. it such defects only as may be apparent on the face of the record are presented. *Dolan* v. *State* (1890), 122 Ind. 141; *LaFollette* v. *Higgins* (1891), 129 Ind. 412, 418. While there has been some modification of this remedy in respect to special verdicts, the old rule still remains as to general verdicts (*Maxwell* v. *Wright* [1903], 160 Ind. 515), and defects appearing upon the face of the record. 2 Elliott, Gen. Prac., §985. There are a number of grounds upon which a *venire de novo* will be awarded,

as, for instance, that the verdict on its face is so uncertain, ambiguous or defective that no judgment can be rendered thereon, or a failure to find upon the issues between the parties, or by not assessing damages, or on account of some material omission, or the wrongful allowance or disallowance of a challenge to a juror, and no doubt other grounds might arise sufficient to call this remedy into action, but the ones given will be sufficient to illustrate our purpose.

In the case at bar the motion was oral. The order-book entry and the bill of exceptions furnish the only evidence that such a motion was made. The order-book entry 2. copied in the record shows that it was joint, while the bill of exceptions assures us that it was several. The record on this question is contradictory, and has furnished no little discussion as to which should control, the order-book entry or the bill of exceptions. On this point we have concluded to hold that the bill of exceptions should be considered as authentic, and will therefore control the order-book entry. *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, and cases cited.

In support of the right to make the motion orally, our attention is called to the case of *Swift* v. *Harley* (1898), 20 Ind. App. 614. In that case the motion was 3. written and reasons were assigned in its support. The manner in which the motion was made was not before the court, and therefore what was said on the proposition of an oral motion was clearly dictum. Without deciding whether the motion must be in writing or may be made orally, it is sufficient to say, in either case, that the record must disclose the ground upon which it was based and pointed out to the trial court. This it does not do. The action of the trial court in overruling the motion is here for review. There one reason may have been assigned as a basis for the motion, and here another. The presumption is that the trial court correctly ruled upon the question

as it was then presented, and the record being silent as to any reason urged in that court as a cause for granting the motion, the question on appeal will be deemed to have been correctly decided by it.

In Elliott, App. Proc., §763, in speaking of the requisites of a motion for a *venire de novo,* it is said: "It seems that good practice requires that the motion should specify with reasonable certainty the grounds upon which it is based. The true principle is that all such motions should specifically present the questions sought to be made, so that the court on appeal shall not be required to decide any other questions than those brought before the trial court." *Deatty* v. *Shirley* (1882), 83 Ind. 218, is cited in support of this principle, and from which case the following is quoted: "The motion itself specifies no objection to the verdict. The record fails to show that any defect was pointed out to the court at the hearing." If no defects were pointed out to the trial court, or grounds stated for such motion, there was no error in overruling it. *Borror* v. *Carrier* (1905), 34 Ind. App. 353.

(2) The overruling of the motion to modify the judgment is assigned as error. In the case at bar the effect of filing the exceptions was to set aside the report of 4. the appraisers, and the question of damages, being the only one before the court, was triable *de novo* regardless of the appraisement, and the burden was on the landowners to establish their damages. *Indiana, etc., R. Co.* v. *Cook* (1885), 102 Ind. 133; *Consumers Gas Trust Co.* v. *Huntsinger* (1895), 12 Ind. App. 285, and cases cited.

The payment of the award by appellee to the clerk gave appellee authority to take possession of the land for the purpose of constructing its road. Such payment 5. in nowise precluded either party on appeal from litigating the question of compensation or damages

338    APPELLATE COURT OF INDIANA,

Douglas *v.* Indianapolis, etc., Traction Co.—37 Ind. App. 332.

resulting from the taking of the land and the construction of the road. *Indianapolis, etc., Traction Co.* v. *Dunn* (1906), *ante,* 248, and cases therein cited.

To the instrument of appropriation Culbertson was made a party. He was given notice. He was called on to answer as to any interest he might have in the premises.

6. Upon a proper plea he was entitled to have his damages assessed and apportioned between the Douglases and himself according to their respective rights. *Shauver* v. *Phillips* (1893), 7 Ind. App. 12, 14, and cases cited. He appeared, but failed to plead any interest in the land. . By his neglect or refusal to set forth his interest, as he was called upon to do, he thereby assented to a recovery of all damages in favor of the Douglases, not only as to the freehold, but the leasehold as well (*Shauver* v. *Phillips, supra*), and these damages, as assessed by the jury, were, in gross, $2,000. We are unable to see how Culbertson would be interested in that part of the judgment directing Douglas and Douglas to repay to appellee the difference between the judgment for $2,000 and the payment by it made for the purpose of obtaining the possession of the land pending the litigation, and therefore as to Culbertson there was no error in overruling the motion to modify the judgment.

The motion was properly overruled as to Douglas and Douglas. The question of damages was to be reviewed *de novo.* Appellee's payment to the clerk of the

7. appraisers' award was not in a legal sense voluntary. *Union Traction Co.* v. *Basey* (1905), 164 Ind. 249; *Indianapolis, etc., Traction Co.* v. *Dunn, supra.* Appellants' acceptance of this payment from the clerk was, as a matter of law, upon condition that they would return any excess so received over the amount of damages adjudged to be due on appeal. The amount of damages as found by the jury is not questioned. Appellee paid to the clerk $550 in excess of appellants' damages, and it was

entitled to have this excess returned. The method of enforcing the repayment of the excessive payment is a matter by statute left to the discretion of the trial court. The court is directed to "make such order therein as right and justice may require." In this instance the facts were all before that court. The rights of the parties to the excessive payment was as clearly a matter before the court for its order and disposition, to the end that a multiplicity of suits might be avoided, as was the matter of rendering judgment upon the verdict of the jury.

It is claimed that Douglas and Douglas were nonresidents, and for that reason personal judgment against them should not have been rendered. The reason assigned is not sufficient. They entered a full appearance and filed pleas in bar to the proceedings. All questions as to jurisdiction of their person were thereby waived. *New Albany Mfg. Co.* v. *Sulzer* (1903), 29 Ind. App. 89; *Ft. Wayne Ins. Co.* v. *Irwin* (1899), 23 Ind. App. 53; *Eel River R. Co.* v. *State, ex rel.* (1900), 155 Ind. 433.

(3) By motion appellants sought to have all the costs of this proceeding made after the filing of the exceptions taxed to appellee. It is by legislative authority that costs are given or withheld. *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194; *Dearinger* v. *Ridgeway* (1870), 34 Ind. 54; *Smith* v. *State* (1854), 5 Ind. 541.

The legislature has designated the steps necessary in order to condemn lands for a right of way for street railroad purposes, and has clearly provided that all costs of the proceedings up to and including the making of the award by the appraisers shall be paid by the company, except where the company shall, prior to the assessment of damages, tender to the landowner "an amount equal to the award afterward made, exclusive of costs, the costs of arbitration shall be paid equally by such

340    APPELLATE COURT OF INDIANA,

Douglas *v.* Indianapolis, etc., Traction Co.—37 Ind. App. 332.

company and such owner." This is the only provision in the act relative to the payment of costs in condemnation proceedings for a right of way by street railroads. The question now under consideration has reference to the costs made by reason of filing the exceptions. Upon this particular question the particular act to which we have referred seems to be silent. We can account for this only upon the theory that such cases on appeal may be tried by a jury and are ranked as civil actions (*Lake Erie, etc., R. Co.* v. *Heath* [1857], 9 Ind. 558; Woollen, Spec. Proc., §§266, 267); and that the lawmaking power had in view the statute already in force governing the payment of costs by parties to civil actions, which was deemed controlling and applicable to questions such as we now have under consideration. This conclusion is also supported by a number of decisions by our Supreme Court and this Court, holding that "the statute concerning the appropriation of land and assessment of damages (§893 *et seq.* Burns 1901, §881 R. S. 1881) and that providing for the condemnation of land by railroads must be construed *in pari materia.*" *Indianapolis, etc., Traction Co.* v. *Dunn, supra; Swinney* v. *Ft. Wayne R. Co.* (1877), 59 Ind. 205; *Great Western, etc., Oil Co.* v. *Hawkins* (1903), 30 Ind. App. 557.

Section 924 Burns 1901, §912 R. S. 1881, provides: "Costs shall be awarded in all these cases, as in civil actions." Section 599 Burns 1901, §590 R. S. 1881, provides: "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." By §603 Burns 1901, §594 R. S. 1881, a provision is made for the recovery of costs in favor of the party in whose behalf an issue is determined.

In view of the decisions of our appellate tribunals to the effect that proceedings to condemn land on appeal are civil actions, and our statutory provisions applicable to costs in such actions, we are led to inquire, what are the issues presented by the appeal, and how were they decided?

In the case at bar the issue was formed by the affirmative allegation, that the damages assessed by the appraisers were excessive, answered by a general denial. These pleadings formed a single issue for the jury, to be tried as any other case. *Chicago, etc., R. Co.* v. *Winslow* (1901), 27 Ind. App. 316. Appellants' general denial affirmed the damages awarded by the appraisers. The verdict of the jury was for $2,000, and, being $550 less than the appraisers award, was therefore a finding in appellee's favor upon this issue, thereby entitling it to recover the costs made on account of the trial thereof. *Hawkins* v. *Stanford* (1894), 138 Ind. 267; *Steele* v. *Empson* (1895), 142 Ind. 397.

Judgment affirmed.