**TIPMONT RURAL ELECTRIC MEMBERSHIP CORPORATION, Appellant (Defendant Below),**

v.

**CITY OF CRAWFORDSVILLE, Indiana, Appellee (Plaintiff Below).**

No. 2-1079A330.

Court of Appeals of Indiana, Second District.

July 23, 1981.

Rehearing Denied Aug. 24, 1981.

Power, Little & Edmiston, Frankfort, Peter L. Obremskey, Parr, Richey, Obremskey & Morton, Lebanon, for appellant.

Robison, Robison & Bergum, Frankfort, Robert F. Wernle, Wernle, Ristine & Ayers, Crawfordsville, for appellee.

SULLIVAN, Judge.

Tipmont Rural Electric Membership Corporation (Tipmont) appeals from an award of $17,043.00 in interest to the City of Crawfordsville (City) on money deposited with the trial court and withdrawn by Tipmont pursuant to I.C. 32–11–1–1 et seq. (Burns Code Ed. 1980). Tipmont contends the trial court erred because there is no provision in the eminent domain statutes permitting an award of interest to the plaintiff. We, reverse.

On March 13, 1975, by Ordinance, City annexed certain real estate in Montgomery County that was formerly within Tipmont's service area. On September 17, 1975, City filed an "Eminent Domain Complaint" to acquire Tipmont's property interests in the annexed territory so as to facilitate the distribution of electricity under its auspices. An order of appropriation was entered and appraisers were appointed on December 15, 1975. Shortly thereafter the appraisers estimated Tipmont's damages at $80,750.00 which amount was tendered into court by City on February 25, 1976.

Both parties filed timely exceptions to the award and on March 2, 1976, Tipmont petitioned the trial court to allow withdrawal of the appraisers' award earlier paid by City to the Clerk. The petition was accompanied by an "Undertaking of Defendant" as required by I.C. 32–11–1–8 (Burns Code Ed. 1980), wherein Tipmont agreed to return any excess of the amount withdrawn over the final award of damages.[1] The $80,750.00 was paid over to Tipmont on April 12, 1976.

A jury trial resulted in a verdict for City and a finding that Tipmont had sustained no damages. On January 2, 1979, as part of the judgment, the trial court ordered the return of $80,750.00 and also ordered Tipmont to pay interest on that amount at eight percent (8%) per annum from the date of withdrawal. It is from this award of $17,043.42 in interest that Tipmont appeals.

Tipmont contends the award was erroneous because there is no statutory authorization for the plaintiff in a condemnation action to receive interest.[2] City argues that an award of interest is in the discretion of the trial court and need not be authorized by statute.

---

1. Tipmont actually agreed only to return any excess up to $66,953.00, the difference between the amount paid into the Clerk and City's highest offer of damages ($13,797.00). Given our disposition, this limitation is unimportant.

2. I.C. 32–11–1–8 (Burns Code Ed.1980) provides in part:

"Sixth. In any trial of exceptions, the court or jury shall compute and allow interest at the rate of eight percent [8%] per annum on the amount of a defendant's damages from the date plaintiff takes possession of the property; but in no event shall any interest be allowed on any amount of money paid by the plaintiff to the clerk of the court after the same is withdrawn by the defendant, and furthermore, in no event shall interest be allowed on that amount of money paid by the plaintiff to the clerk of the court which is equal to the amount of damages previously offered by the plaintiff to any defendant and which amount can be withdrawn by the defendant without filing any written undertaking or surety with the court for the withdrawal of that amount."

There is some merit in the arguments of both parties and we are cognizant of the split of authority on the question of awarding interest to a condemnor. Annot., 99 A.L.R.2d 886 (1965) (and 99–100 A.L.R.2d *Later Case Service* at 570–571); 27 Am. Jur.2d *Eminent Domain* § 297 at 111 (1966). Our Supreme Court, however, has dispositively addressed this matter. In *Annee v. State* (1971) 256 Ind. 686, 274 N.E.2d 260, the defendants withdrew $390,831.00 from the Clerk but the jury returned a verdict of only $210,000.00. Relying on Appellate Rule 15(F) (now 15(G)) the State sought interest on the difference. In rejecting this request the court stated:

> "The defendants were ordered to refund the difference between the amount previously drawn and the amount awarded by the trial court but this could not be considered a money judgment for the State. The State has not referred us to any case where an ordered refund such as occurred in this case was construed as a money judgment allowing interest upon it. In addition, we do not consider it a proper policy of the State to collect interest from its taxpayers in an instance such as this." 274 N.E.2d at 261.

City's reliance on *Douglas v. Indianapolis & Northwestern Traction Co.* (1906) 37 Ind. App. 332, 76 N.E. 892 to support the interest award is misplaced. The interest award there was not challenged by the Appellants and the court did not address the issue before us. Additionally to the extent *Douglas* conflicts with *Annee*, a Supreme Court case, it is implicitly overruled.

The judgment is reversed in part and the cause hereby remanded with instructions to vacate that portion of the judgment which awarded interest paid to the City.

BUCHANAN, C. J., and SHIELDS, J., concur.