In the Matter of the Claim of STEPHEN CHAPHE, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Under the provision of the act of 1888 (Chap. 519, Laws of 1888), authorizing an application to be made to the Board of Claims " for a rehearing or new trial " of two claims specified which had previously been decided by the canal appraisers, and directing the board to " proceed thereon according to the practice in such cases the same as if made within the time limited by law," said board was not bound to grant the application; but whether they should do so or not rested in their discretion.

Accordingly, *held*, where the said board, after hearing the proofs and allegations on the part of the claimant and of the state, denied the application in the exercise of such discretion, the order so made, even if otherwise appealable, was not reviewable here.

But *held*, there was no authority for an appeal to this court from such an order; that an appeal is authorized only from a " final award or final order " upon the hearing of a claim.  (§ 10, chap. 205, Laws of 1883.)

(Submitted December 11, 1889; decided December 17, 1889.)

APPEAL from order of the Board of Claims, made December 19, 1888, denying a motion for a rehearing of certain claims decided by the Board of Canal Appraisers.

The facts are sufficiently stated in the opinion.

*E. P. More* for appellant. The canal appraisers had power to grant a rehearing or a new trial. (Laws 1866, chap. 836.) The Board of Claims have jurisdiction and same powers as old Board of Canal Appraisers. (Laws 1883, chap. 205, § 13.) The Board of Appraisers committed a material error in admitting the claim and award of 1862 for damages to property on the north side of the creek, and in deciding that that award was a bar to a recovery in these cases. (*Sipple* v. *State*, 99 N. Y. 289.) This case does not come within the provision of section 14, article 7 of the Constitution. (*Smith* v. *Smith*, 1 Paige, 391; *Corkins* v. *State*, 99 N. Y. 491; *De Faust* v. *Warner*, 98 id. 217; *People* v. *N. Y. C. R. R. Co.*, 34 Barb. 123; 24 N. Y. 485; *Grant* v. *Courtney*, 24 Barb. 232; *People* v. *Board, etc.*, 27 id. 575; 17 N. Y. 235.)

*Charles F. Tabor*, attorney-general, for respondent. The appropriation of the waters of Cazenovia lake and Chittenango creek, and of the water passing over the dam, was complete in 1855, and any claim for damages, arising from such appropriation, accrued at that time. (1 R. S. [8th ed.] 717, § 16; Id. 731, § 48; *Birdsall* v. *Cary*, 66 How. Pr. 358–361; *Rexford* v. *Knight*, 11 N. Y. 308; *Baker* v. *Johnson*, 2 Hill, 342; *Turrell* v. *Norman*, 19 Barb. 263; *People* v. *Hayden*, 6 Hill, 359.) If the claimant was permitted to use the surplus water, or to use the water as it passed his mill, he was a mere licensee and the state had the right, at any time, to resume control of the water without compensation. (*Dermott* v. *State*, 99 N. Y. 101.) Under the provisions of the statute, a failure to present a claim operated as a release of all rights and claims for damages. (*Marks* v. *State*, 97 N. Y. 572.) At the time of the appropriation of the entire water, the right of the claimant to

damages for loss of water power on both sides of the stream: accrued, and claimant, in presenting a claim, was required to embrace in same his entire demand. The claim could not be divided, and the award made is conclusive as a bar to any subsequent claim. (*Farrington* v. *Payne*, 15 Johns. 432; *Secor* v. *Sturgis*, 16 N. Y. 548–554.) As to all matters of law or fact that might have been litigated before the canal appraisers, the award made is binding and conclusive in all subsequent litigation between the parties or their privies. (*Leavitt* v. *Walcott*, 95 N. Y. 219.) Chapter 519 of the Laws of 1888 did not direct the Board of Claims to rehear the claims, "or dictate how it shall decide upon them." (*Cole* v. *State*, 102 N. Y. 52; *McDougall* v. *State*, 109 id. 73.) The application for a new trial or rehearing was properly denied by the Board of Claims. (*Neftel* v. *Lighthouse*, 77 N. Y. 96; *Johnson* v. *Comstock*, 14 Hun, 243; *West* v. *F. N. Bk.*, 20 id. 408.) The order is not appealable. (*Cushman* v. *Brundrett*, 50 N. Y. 296; *Lawrence* v. *Farley*, 73 id. 187; *Smith* v. *Platt*, 96 id. 635; *Bronk* v. *N. Y. & N. H. Co.*, 95 id. 656; *In re Board of Street Opening*, 111 id. 581; *Greenleaf* v. *R. R. Co.*, 102 id. 96; *Burger* v. *Burger*, 111 id. 523; *Vanderbilt* v. *Schreyer*, 81 id. 646, 648.)

EARL, J. On the 2d day of September, 1874, Chaphe, the appellant, filed with the canal appraisers two separate claims. against the state for damages. The claims were heard by the canal appraisers, and on the 30th day of November, 1875,. they were both disallowed by awards of nothing. No appeals. were ever taken from those awards, but, in 1888, Chaphe procured the passage of an act of the legislature (Chap. 519) as follows:

"Within ninety days after the passage of this act an application may be made to the Board of Claims, or any other court or body having jurisdiction thereof, for a rehearing or new trial of two several claims filed by Stephen F. Chaphe against the state of New York for damages, and decided by the.

canal appraisers on or about the thirtieth day of November, eighteen hundred and seventy-five, and proceed thereon according to the practice in such cases the same as if made within the time limited by law."

In September, 1888, under that act, Chaphe made a motion before the Board of Claims for a rehearing of the two claims, and the board, after hearing proofs and allegations on his part, and also on the part of the state, made an order denying the motion. From that order Chaphe has appealed to this court.

Under the act (Chap. 836, Laws of 1866) the canal appraisers could, within thirty days after an award had been recorded in their office and notice thereof had been given to the claimant and the canal commissioner, order a new trial. But they were in no case bound to give a new trial, and their decision upon an application for a new trial was final. By section 13 of the act (Chap. 205 of the Laws of 1883) the Board of Claims probably has the same power to grant new trials which was formerly possessed by the canal appraisers.

The act of 1888 did not command or direct the Board of Claims to rehear the claims of Chaphe, but simply conferred upon them power to entertain an application for a rehearing ; and whether they should grant a rehearing or not rested in their discretion, in view of all the circumstances of the case. He had no absolute legal right to a rehearing, and they having denied his application in the exercise of their discretion, if their order were otherwise appealable to this court, we certainly have no jurisdiction to review an order thus resting in discretion.

But there is no authority whatever in the statute for an appeal to this court from such an order. Section 10 of chapter 205 of the Laws of 1883 authorizes an appeal to this court only from a final award of the Board of Claims. The language is as follows : "When the amount in controversy exceeds five hundred dollars, either party feeling aggrieved by the final award or final order of the board may appeal to the Court of Appeals upon questions of law only arising upon the hearing of the claim or upon the excess or insuffi-

ciency of such award or order.  The Court of Appeals shall hear such appeal and affirm, reverse or modify such award or dismiss such appeal, or award a new hearing before the Board of Claims as justice may require."

In this case there was no hearing of the claims before the board, and no award whatever upon them.  They were neither allowed nor disallowed, and hence this appeal does not come within the language or the purview of the statute.

Upon both grounds, therefore, the appeal should be dismissed.

All concur.

Appeal dismissed.