FLORA L. RAY, Respondent, *v.* THE NEW YORK BAY EXTENSION RAILROAD COMPANY, Appellant.

1. APPEAL TO COURT OF APPEALS — INTERLOCUTORY ORDER OF PUNISHMENT FOR CONTEMPT. When an order adjudging a defendant guilty of contempt and imposing a fine also provides for a reference to take proof and report as to the damages sustained by the plaintiff by the acts and misconduct of the defendant, it is an interlocutory, and not a final order, and, consequently, is not appealable as of right to the Court of Appeals. (Code Civ. Pro. § 190.)

2. ORDER IN ACTION, NOT IN SPECIAL PROCEEDING. A proceeding to punish the defendant in an action for contempt, to enforce a civil remedy, instituted by an order to show cause, is a proceeding in the action and not a special proceeding; and an order made therein, even if final, not

being made in a special proceeding is not appealable as of right to the Court of Appeals.

*Ray* v. *New York Bay Extension R. R. Co.*, 20 App. Div. 539, appeal dismissed.

(Argued January 24, 1898; decided March 1, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 12, 1897, which affirmed an order of the Special Term adjudging the defendant guilty of contempt in disobeying the judgment in this action, and imposing a fine of $250.

It was also adjudged that the misconduct of the defendant was calculated to, and actually did, defeat, impair, impede and prejudice the rights and remedies of the plaintiff to her actual loss or injury to the extent of the costs and expenses incurred or suffered by her by reason thereof, and to the extent of the value of the plaintiff's land appropriated by the defendant in the construction and maintenance of the embankment for its railroad in front of and on her premises, together with consequential damages to the remainder of her land. The order then provided that a referee should be appointed to ascertain and report the actual loss or injury produced to the plaintiff by the appropriation of her lands and the consequential damages to the remainder, and also to ascertain and report the plaintiff's costs and expenses in this proceeding.

*William J. Kelly* for appellant. The order here appealed from is a final order in a special proceeding and is appealable to this court. (Code Civ. Pro. §§ 12, 14, 190, 2273; *Sudlow* v. *Knox*, 7 Abb. [N. S.] 416; *People ex rel.* v. *Dwyer*, 90 N. Y. 402.)

*Charles M. Demond* for respondent. The appeal should be dismissed. (Code Civ. Pro. § 190, subd. 1; *Roe* v. *Boyle*, 81 N. Y. 305; *Crosby* v. *Stephan*, 97 N. Y. 606; *Catlin* v. *Grissler*, 57 N. Y. 363; *Matter of Chaphe* v. *State of N. Y.*, 117 N. Y. 511.)

MARTIN, J. Upon the argument the respondent insisted that this appeal should be dismissed for the reason that the

order was not appealable to this court. The ground of this insistence is that it was not a final order in a special proceeding, and, hence, this court has no jurisdiction to review the action of the court below.

Section 190 of the Code of Civil Procedure defines the jurisdiction of this court and, so far as applicable here, it provides that its jurisdiction shall be confined to the review upon appeal of actual determinations made by the Appellate Division in the following cases and no others : From judgments or orders finally determining actions or special proceedings, and also from determinations of that court where it allows the same and certifies questions for review. In this case no appeal was allowed and no questions were certified. Consequently, this court possesses no authority to review this order, unless it is an order finally determining a special proceeding. The respondent contends that it was merely interlocutory, as it provided for a reference to take proof as to . the damages sustained by the plaintiff by the appropriation of her land and by the misconduct of the defendant. It is obvious that until the referee shall have heard the parties upon the questions referred to him, and made his report thereon, no final order can be made. The order in this case is clearly interlocutory, and, consequently, not appealable to this court. (*Roe* v. *Boyle,* 81 N. Y. 305 ; *Matter of Chaphe* v. *State of N. Y.,* 117 N. Y. 511 ; *Crosby* v. *Stephan,* 97 N. Y. 606 ; *Catlin* v. *Grissler,* 57 N. Y. 363.)

If, however, the order could be regarded as final, yet, as it was not made in a special proceeding, no appeal lies to this court. It was to punish the defendant for contempt to enforce a civil remedy, and was instituted by an order to show cause. Such an order to show cause is equivalent to a notice of motion, and the subsequent proceedings are in the action and do not constitute a special proceeding. (Code of Civil Procedure, §§ 2273, 2283 ; *Jeweler's Mercantile Agency* v. *Rothschild,* 155 N. Y. 255.)

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.