VIOLET ROSALIE ANDERSON, an Infant, etc., et al., Respondents,
   *v.* GEORGE H. DALEY et al., Defendants, Impleaded with
   ELIZABETH C. JONES, as Executrix of GEORGE A. JONES,
   Deceased, Appellant.

APPEAL — INTERLOCUTORY JUDGMENT. A judgment which decrees
that two of several defendants are jointly and severally indebted to a
decedent's estate in a certain sum and that judgment be docketed there-
for, appoints a receiver to collect such sum by suit or otherwise and to
deposit and hold the same subject to the further order of the court, and
provides that all parties to the action interested in the estate may apply
for final judgment upon the report of the receiver and upon further proof
as they may be advised, is an interlocutory judgment and therefore not
appealable as of right to the Court of Appeals.

*Anderson* v. *Daley,* 38 App. Div. 505, appeal dismissed.

(Argued April 17, 1899; decided May 2, 1899.)

MOTION to dismiss an appeal from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered March 17, 1899, affirming a judgment in
favor of plaintiffs entered upon a decision of the court on trial
at Special Term.

This action was brought to recover from George H. Daley
and the executrix of George A. Jones the sum of $28,886.46
belonging to the estate of Albert Ward, deceased, alleged to

have been "unlawfully loaned, appropriated and used" by
Daley (who was the trustee of the Ward estate) and George
A. Jones, deceased.

The judgment, which was entered in accordance with the
decision of the trial court directing the entry of an "interlocu-
tory judgment," was as follows:

"Ordered, adjudged and decreed ·

(1) That the defendant George H. Daley and the defend-
ant Elizabeth C. Jones, as executrix of the said George A.·
Jones, deceased, are jointly and severally liable and indebted
to the estate of Albert Ward and to George H. Daley, as
trustee thereof, or to his successor, in the sum of $28,886.46,
with interest thereon from January 14, 1897, and that they
must refund to said estate of Albert Ward said sum with
interest as aforesaid.

(2) That Harcourt Bull, Esq., counselor of law, be, and
he hereby is, appointed as receiver, to collect said sum of
money with interest from the said George H. Daley and the
said Elizabeth C. Jones, as executrix of George A. Jones,
deceased, or from either of them. That said receiver deposit
said moneys when so collected with the Union Trust Com-
pany, in the borough of Manhattan, city of New York, and
that before entering upon his duties he give a bond to be
approved by this court or a judge thereof in the sum of fifty
thousand dollars.

(3) That said receiver be, and he hereby is, given full
power to collect said sum of money by suit or otherwise.
That said receiver hold said moneys when collected subject to
the further order of this court. That said receiver report to
this court from time to time his acts in the premises.

(4) That judgment be rendered and docketed herein in
favor of the defendant George H. Daley, as trustee of the
trusts created in and by the last will and testament of Albert
Ward, deceased, against the said George H. Daley and the
said Elizabeth C. Jones, as executrix of George A. Jones,
deceased, in the sum of $28,886.46, with interest thereon from
January 14, 1897.

(5) That plaintiffs are entitled to the costs of this action as against the said George H. Daley and the said Elizabeth C. Jones, as executrix of George A. Jones, deceased, together with an allowance of one thousand dollars, the same to be taxed and inserted in the final judgment herein.

(6) That plaintiffs and the defendants interested in the estate of Albert Ward may apply for final judgment herein upon the report of said receiver and upon further proof as they may be advised."

The ground of the motion is stated in the opinion.

*Charles M. Demond* for motion. The judgment is an interlocutory judgment and not appealable. (Code Civ. Pro. §§ 190, subd. 1, 1001; *Ray* v. *N. Y. B. Ex. R. R. Co.,* 155 N. Y. 102; *Van Arsdale* v. *King,* 155 N. Y. 329; *King* v. *Barnes,* 107 N. Y. 645; *McKeown* v. *Officer,* 127 N. Y. 687; *Tompkins* v. *Hyatt,* 19 N. Y. 534; *Catlin* v. *Grissler,* 57 N. Y. 357; *Jones* v. *Jones,* 81 N. Y. 37; *Raynor* v. *Raynor,* 94 N. Y. 248.)

*George J. Greenfield* opposed. The judgment is final and appealable. (Code Civ. Pro. §§ 190, 1200; *Van Arsdale* v. *King,* 155 N. Y. 325; *Smith* v. *Lewis,* 1 Daly, 452; *P. Bank* v. *Morton,* 67 N. Y. 199; *Moulton* v. *Cornish,* 138 N. Y. 133; *Meyers* v. *Becker,* 95 N. Y. 486; *Stimson* v̇. *Vroman,* 99 N. Y. 74; *C. V. Bank* v. *Lynch,* 76 N. Y. 516; *McKeown* v. *Officer.* 127 N. Y. 687.)

MARTIN, J. The respondents move to dismiss the appeal in this case upon the ground that the judgment from which it was taken was interlocutory, and, hence, not appealable to this court as a matter of right. The only appeals that may be taken to the Court of Appeals from a decision of the Appellate Division as a matter of right are from judgments and orders finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the required stipulation is given. (Code C. P. § 190.)

The judgment in this case is clearly interlocutory both in form and in substance and cannot be regarded as a judgment finally determining an action. Consequently it is not appealable to this court. (*Ray* v. *N. Y. Bay Extension R. R. Co.*, 155 N. Y. 102.)

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed. _____