Cecelia L. Slater et al., as Executors, etc., Appellants and Respondents, *v.* James Slater, Individually and as Executor, etc., Respondent and Appellant.

Appeal — Either Party May Notice and Place upon the Motion Calendar Appeals from Interlocutory Judgments at his Convenience. The purpose of the Court of Appeals in amending rule 11 relating to motions and orders by including "appeals from interlocutory judgments overruling or sustaining demurrers" among those which should be placed upon the motion calendar was to remove the doubt as to what calendar they should be placed upon occasioned by the repeal of section 192 of the Code of Civil Procedure, relating to such appeals, by chapter 946 of the Laws of 1895; it was not intended to exclude an appeal, when duly allowed by the Appellate Division, from any interlocutory judgment; therefore, an appeal by permission from an interlocutory judgment of any kind is an appeal from an order in an action which should not go on the regular calendar, but either party has the right to notice it for argument and place it upon the motion calendar at his convenience.

(Submitted March 23, 1903; decided March 31, 1903.)

MOTION to place appeals upon the calendar as a preferred cause.

*John A. Garver* for plaintiffs, appellants and respondents.

*James W. Hawes* for defendant, respondent and appellant.

VANN, J. This action, brought by two of the executors of a deceased copartner against the surviving member of the firm, individually and as the remaining executor, resulted in an interlocutory judgment, which, upon appeal, was modified and affirmed as modified by the Appellate Division. From its interlocutory judgment entered accordingly, the Appellate Division granted both parties leave to appeal to this court and certified two questions to us for decision. Each party thereupon appealed from that part of the judgment by which he felt aggrieved and both now unite in an application " for an order placing these appeals among the preferred causes on the present calendar " upon the ground that they are entitled to a preference under subdivision 5, section 791 of the Code of Civil Procedure.

The motion should be denied because it is unnecessary, as an appeal by leave of the Appellate Division from an interlocutory judgment of any kind is an appeal from an order in an action which should not go on the regular calendar, but either party has the right to notice it for argument and place it upon the motion calendar at his convenience.

A misapprehension seems to have arisen owing to the recent amendment of rule 11, which formerly did not mention " appeals from interlocutory judgments overruling or sustaining demurrers," and it has been inferred by some that the judgments specifically mentioned are the only interlocutory judgments that can be placed upon the motion calendar. This is a mistake, as will appear from the following explanation of our purpose in amending the rule.

Prior to 1895 section 192 of the Code of Civil Procedure provided that " an appeal from an interlocutory judgment overruling or sustaining a demurrer  *  *  *  may be noticed

for hearing on a motion day and heard as a motion." On the 6th of June, 1895, that section was repealed bodily by chapter 946 of the laws of that year, which was an act passed to adapt the Code of Civil Procedure to the changes made by the new Constitution. This left the matter open to regulation by rule. The repeal of that section created doubt as to what calendar "an appeal from an interlocutory judgment overruling or sustaining a demurrer" should be placed upon, and to remove that doubt, on the 19th of June, 1896, we amended said rule so as to include such an appeal *eo nomine.* We did not intend, however, to exclude an appeal, when duly allowed by the Appellate Division, from any interlocutory judgment, as the rule when carefully read plainly shows. (*Anderson* v. *Daley,* 159 N. Y. 146.) As our effort to end one misapprehension seems to have given rise to another, we file this memorandum to remove doubt and settle the practice.

The motion should be denied.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and MARTIN, JJ., concur.

Motion denied.