1814.

TRAVIS
v.
WATERS.

———◦❊◦———

*May 18th.*                TRAVIS AND OTHERS *against* WATERS.

A *rehearing* rests in the *discretion* of the court, and is not granted on a de-cree for *costs* only, unless under special circumstances.

*RIGGS*, for the defendant, moved for a rehearing on a decree of last *October*, for *costs*, on the usual certificate of counsel, and on an affidavit stating the grounds of the alleged grievance and error; that costs of an action of ejectment, at law, had been allowed, though not asked for on the argument of the cause; and that costs which had accrued before the death of the testator, had also been allowed, though his personal representatives were not before the court in their representative character.

*Henry,* contra, contended that a rehearing rested in the discretion of the court, and was not of course ; (3 *P. Wms.* 8. *Amb.* 91. 1 *Har. Ch. Pr.* 647—652. ;) and that it is not granted on a decree for *costs* merely. (*Dickens' Rep.* 594. 1 *Bro. C. C.* 141: n.)

1814.

LANSING
v.
EDDY.

THE CHANCELLOR. The general rule is as stated by the counsel for the plaintiffs ; but a rehearing is usually granted, if there be colourable ground for the application. Even in cases of decrees for costs only, there are exceptions to the general rule ; and it is so admitted in one of the cases referred to. The facts alleged in the petition for a rehearing, in this case, are such as to render it proper and expedient that the case should be reconsidered.

Motion granted,