In the Matter of the Application of THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY to Acquire Title to Lands of ELIZABETH WALSH and Others.

An order of General Term, vacating the report of commissioners appointed in proceedings by a railroad corporation to acquire title to lands and the confirmation thereof, and directing a new appraisal before new commissioners, is not reviewable here.

The General Term, however, has no power on appeal by the company from the order of confirmation to award costs against the owners.

Where costs are awarded, so much of the General Term order is reviewable here; but this does not confer jurisdiction to review the whole order.

*Bergen* v. *Carman* (79 N. Y. 146) distinguished.

As to whether the general provisions applicable to appeals to this court extend to condemnation proceedings under the Railroad Act, *quære*.

Upon motion to dismiss an appeal by a railroad company to the General Term from an order of Special Term confirming the report of commissioners appointed to condemn certain lands under water in the Hudson river, it appeared that under former proceedings the company had obtained possession and begun the construction of an embankment; these proceedings were subsequently annulled and the present proceedings instituted. On application of the company an order was granted allowing it to continue in possession until the final conclusion of the new proceedings, but requiring it to keep open a gap in the embankment for the benefit of the land-owners. The order confirming the commissioners' report provided that, on payment of the sums awarded, the company have

full possession, and annulled all orders inconsistent with such posses-
sion. The company paid the awards and immediately closed up the
gap. *Held*, that by so doing it did not waive its right of appeal from the
order; that independent of the order, on payment of the awards, the
condemnation was complete and final, the company was entitled to take.
full possession, the owners were divested of all estate and interest (§§ 17,
18, chap. 140, Laws of 1850), and nothing could be reviewed upon the
appeal but the amount of the awards; and so, the company did not avail
itself of any benefit conferred by the order appealed from, which should
preclude it from appealing.

(Argued December 12, 1883; decided January 15, 1884.)

APPEAL by Elizabeth Wright and other land-owners from
order of the General Term of the Supreme Court, in the second
judicial department, made May 17, 1883, which vacated an
order of Special Term, confirming the report of commission-
ers appointed herein to appraise the compensation to be paid
said land-owners for the lands sought to be condemned in
these proceedings for the use and benefit of the New York,
West Shore and Buffalo Railway Company, which also vacated
and set aside the report of the commissioners and appointed
new commissioners, and awarded costs to said company against
the land-owners.

The lands sought to be condemned lie under the waters of
the Hudson river.

The facts so far as material are stated in the opinion.

*Samuel Hand* for appellant. The order of the General
Term was a final order, and, therefore, appealable, because it
awarded costs absolutely to the company against the owners.
(*Bergen* v. *Carman*, 79 N. Y. 146.) The intermediate order
denying the motion to dismiss the appeal is appealable, because
it was made in a special proceeding, involves a substantial right,
does not rest in discretion, and does not arise on conflicting
evidence. (Code, § 190, subd. 3; id., § 1339; Laws of 1850, chap.
140, § 18.) The proposition that railroad appraisal cases are
not consistent with the uniform and well-settled practice of this
court, in entertaining appeals from orders appointing commis-
sioners of appraisal is untenable. (77 N. Y. 248; 89 id. 453;

Code of Civ. Pro., §§ 1337, 1339.) A party who obtains a benefit under an order and accepts the benefit or receives the advantage, shall thereafter be precluded from having the order reviewed on appeal. (*Knapp* v. *Brown*, 45 N. Y. 207 ; *Bennett* v. *Van Sickle*, 18 id. 481 ; *Vail* v. *Remsen*, 7 Paige, 206; *Dambman* v. *Schulting*, 6 Hun, 29 ; *Glacken* v. *Zeller*, 52 Barb. 147 ; *Platz* v. *City of Cohoes*, 8 Abb. N. C. 392 ; *Genet* v. *Davenport*, 59 N. Y. 648.) Where the General Term makes an order imposing the payment of money, which order it is not authorized by law to make, such order involves a substantial right, not resting in discretion, and is appealable to this court. (*Newton* v. *Russell*, 87 N. Y. 527 ; *Bergen* v. *Carman*, 79 id. 146 )

*M. H. Hirschberg* for respondent. The orders are not reviewable by this court. (Laws of 1850, chap. 140, §§ 17, 18 ; *Matter of N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276.) The statute gives no appeal to this court. (*Matter of N. Y. C. & H. R. R. R. Co.* v. *Cunningham*, 64 N. Y. 60 ; *N. Y. C. R. R. Co.* v. *Marvin*, 11 id. 276 ; *Matter of Canal St.*, 12 id. 406 ; *In re O. & M. R. R. Co.*, 40 How. Pr. 335 ; *Matter of D. & H. C. Co.* v. *Adams*, 69 N. Y. 209 ; *People ex rel. S. & U. H. R. R. Co.*, v. *Betts*, 55 id. 600 ; *In re Appl'n Kings Co. El. R. R. Co.*, 82 id. 95 ; 20 Hun, 217 ; 64 N. Y. 60 ; 11 id. 276 ; 12 id. 406, 413 ; 70 id. 327, 359.) Even under the provision of the Code, no appeal lies from these orders. The proceedings are special, and the jurisdiction of this court is limited in special proceedings to appeals from final orders. (Code of Civ. Pro., § 190, subd. 3 ; *Roe* v. *Boyle*, 81 N. Y. 305.) The decision, as appears by the opinion, was based solely on the ground that the damages awarded were excessive ; and this court has no jurisdiction to review such determination. (*Snebley* v. *Conner*, 78 N. Y. 218 ; *Matter of Kings Co. El. R. R. Co.*, 82 id. 95 ; *Fradenburgh* v. *Biddleton*, 85 id. 196.) By judgment of law the proceedings before the commission on the first hearing were without authority and were void, and it was the same as if no appraisal had at

any time been made. (*White B'k* v. *Nichols*, 64 N. Y. 65.)
Errors of law on the part of the commissioners, questions of
admission of evidence, affidavits to contradict or impeach the
truth of facts contained in the report, etc., cannot be con-
sidered on the motion to confirm. (*N. Y. & E. R. R. Co.* v.
*Corey*, 5 How. 177; *N. Y. & E. R. R. Co.* v. *Coburn*,
6 id. 233; *R. & S. R. R. Co.* v. *Budlong*, id. 467; *R.
& G. V. R. R. Co.* v. *Beckwith*, 10 id. 168; *Matter of N.
Y. & J. R. R. Co.*, 21 id. 134.) The confirmation of the
commissioners' report was a completion of the proceedings by
which the company was authorized " to enter upon, take pos-
session of, and use the land for the purposes of its incorporation."
(*N. F. & L. O. R. R. Co.* v. *Hotchkiss*, 16 Barb. 270; *Crow-
ner* v. *W. & R. R. R. Co.*, 9 How. Pr. 457; *Dyett* v. *Pen-
dleton*, 8 Cow. 327.) The appeal was not waived by com-
pliance with the order to confirm, and filling up the "gap" or
passage-way. (*Benkard* v. *Babcock*, 27 How. 391; *S. C.*, 17
Abb. [N. S.] 421; *People* v. *Stevens*, 52 N. Y. 306.) The com-
missioners are bound to be guided in their proceedings by the
established rules of evidence, a technical error in the report
may be disregarded, but otherwise, if the error be of such
a character as to show the commissioners have mistaken the
principles that should govern the appraisal and that appellant
may have been wronged by it. (Colby's Railroad Law, 175;
16 Barb. 100.) The court below properly directed a new ap-
praisal before new commissioners. (*N. Y. & E. R. R. Co.* v.
*Corey*, 5 How. 177; *N. Y. & E. R. R. Co.* v. *Coburn*, 6 id.
223; *Matter of N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y.
276.)

RAPALLO, J. By the confirmation at Special Term of the
report of the commissioners, and the entry and recording of
the order reciting the proceeding, and the payment of the com-
pensation directed to be paid to the land-owners, the railroad
company became entitled, under the statute, to take possession
of and use the land for the purposes of its incorporation, and
all persons who were parties to the proceeding were divested

and barred of all right, estate and interest in the land during the corporate existence of the company.

But, notwithstanding the change of title thus effected, and the taking possession by the railroad company, either party might under the provisions of the statute obtain a review, by the Supreme Court, of the appraisal of the commissioners. This review did not affect either the title or right of possession of the railroad company, but only the amount paid by it. If in the judgment of the court it was excessive or insufficient, the court was empowered to direct a new appraisal before the same or new commissioners, in its discretion. If by the second appraisal the damages should be reduced, the company would be entitled to have the difference refunded. If the amount should be increased, the company would be bound to pay the increased amount, and it would become a lien upon the land, the title to which had already become vested in the company. (Laws of 1850, chap. 140, §§ 17, 18.)

The court having in this case, on the appeal of the railroad company to the General Term, from the order confirming the report of the commissioners, exercised the discretion conferred upon it by the statute, by vacating the award of the commissioners and the confirmation thereof, and directing a new appraisal before new commissioners, its determination, in that respect, cannot be reviewed by this court. It involves simply questions of fact and matters of discretion, of which this court cannot take cognizance.

It is claimed on the part of the appellants that inasmuch as the order of the General Term awards costs against them absolutely, it is appealable in that respect, and consequently the whole of the order is reviewable here, and the case of *Bergen* v. *Carman* (79 N. Y. 146) is cited as an authority for that proposition.

Conceding that the part of the order which awards costs, and the judgment entered thereon, are appealable if the award of costs was contrary to law, or unauthorized by law, it does not follow that the other portions of the order are appealable, and *Bergen* v. *Carman* is not an authority to that effect. The ob-

jection in that case was that the order appealed from sent the case back to the referee for a further hearing, and therefore, was not final. The difficulty in this case is that the order, in so far as it directs a new appraisal and the appointment of new commissioners, depended on questions of fact and was discretionary, so that, even if the general provisions applicable to appeals to this court extend to condemnation proceedings under the railroad law (which is controverted), the questions are not of such a nature that they can be reviewed here. The award of costs cannot confer jurisdiction over those questions.

The next question which arises is on the order of the General Term denying the motion of the land-owners to dismiss the appeal from the order confirming the report of the commissioners.

It may be assumed that if, after the award of the commissioners had been confirmed, the railroad company had entered into a valid agreement with the land-owners to abide by the award and not to appeal from the confirmation thereof, or had done acts which in law had constituted a waiver of the right to appeal from such confirmation, the General Term could and ought to have enforced such agreement or waiver, and that its refusal to do so would present a question of law reviewable here. It is not necessary to decide that question now, because we are of opinion that no waiver of the right to appeal to the General Term was shown.

The facts claimed to constitute a waiver are that, under a former proceeding to acquire title to the lands in question, the company had obtained possession and begun the construction of an embankment and road-way thereon. Those proceedings were subsequently reversed and annulled, pursuant to the judgment of this court, and a new proceeding (the present one) was instituted. The company thereupon applied to the court, under section 21 of the Railroad Act, for an order allowing it to continue in possession until the final conclusion of the new proceeding, the compensation awarded in the first proceeding having been already deposited. The order asked for was granted, but a provision was inserted in it for the benefit of the land-owners,

requiring the company to leave and keep open a gap in their embankment, through which vessels could pass from the river to the brickyards of the land-owners. This order was dated July 22, 1882. Commissioners were appointed under the second proceeding, August 29, 1882. Their report was made November 24, 1882, and was confirmed December 4, 1882, and the order of confirmation, being the order from which the appeal was taken to the General Term, contained a provision that, on payment or deposit of the sums thereby awarded to the land-owners for their compensation, the railway company have full and complete possession of the lands, and that any and all orders theretofore granted, inconsistent with such possession, be annulled and set aside. The company thereupon paid the awards to the land-owners, and immediately thereafter closed up the gap which it had left open, pursuant to the order of July 22, 1882, and on the 21st of December, 1882, it appealed to the General Term for the purpose of reviewing the amount of the awards.

The motion at General Term to dismiss the appeal was made upon the ground that, by thus closing the gap, the company had taken a benefit awarded to it by the order of confirmation appealed from, viz. : that it had availed itself of that part of the order which gave it full possession of the premises and annulled all former orders inconsistent with such possession, and that, by thus availing itself of that provision of the order of confirmation, it had precluded itself from appealing from any part of the order. We think that the motion to dismiss was properly denied. The right of the company to take full possession of the premises, and use them for the purposes of its incorporation, on paying the awards, was conferred upon it by the statute, independently of the order of the court, and by the same statute the land-owners, who were parties to the proceeding, were divested and barred of all estate, right and interest in the land which could interfere with such use. The company did not after that time hold possession under the order of July 22, and ceased to be subject to the condition imposed by that order. It held, by virtue of the condemnation of December

4, 1882, the payment of the awards, and the right which the statute conferred as consequent thereupon. By exercising this right and filling up the gap, it did not avail itself of any benefit conferred by the order appealed from, which should preclude it from appealing. The condemnation was complete and final; nothing could, thereafter, be reviewed upon the appeal but the amount of the award, and the statute very clearly provides that this review may be had after the awards have been paid, and the title has changed and possession has been taken.

The only point remaining to be considered is the appeal from the judgment for costs rendered by the General Term against the land-owners, on reversing the order of confirmation and appointing new commissioners, amounting to $120.70. We are of opinion that the General Term had no power to award these costs. If the appeal to the General Term had been taken by the land-owners, and they had been defeated, it may be that the court could, in its discretion, have compelled them to pay the costs to which they had subjected the company by such an appeal. But the appeal was taken by the company because it was dissatisfied with the amount awarded, and was a continuation of the proceeding instituted by it to ascertain the compensation payable to the land-owners, and to acquire their land against their will. In such a case to compel the land-owners to pay any part of the expenses incurred by the company for the purpose of ascertaining the compensation, which proceedings were an indispensable condition of its right to take the land, would conflict with the constitutional right of the land-owners to just compensation. They are entitled to the full amount of their damages when finally ascertained, and this amount cannot be diminished by allowing to the company its own expenses incurred in ascertaining it, or in endeavoring to reduce it. In the present case the costs allowed are small compared with the amount of the award, which was $35,500, but that can make no difference in the principle. If the company can recover against the land-owner the expenses of proceedings carried on by it for its own benefit, where the award is large, it may do the same when the award is small;

and a case may be supposed where the costs and expenses of the company would absorb a large part, or even the whole of the award. There is no warrant in the statute for awarding such costs, and if there were, it would be a violation of the constitutional right of the land-owner.

The appeal from so much of the order of the General Term as reverses the order of confirmation and appoints new commissioners should be dismissed. The order of the General Term denying the motion of the land-owners to dismiss the appeal should be affirmed. The order of the General Term, in so far as it awards costs to the company, and the judgment for such costs should be reversed. Neither party to have costs against the other on the appeals in this court.

All concur.

Ordered accordingly.