ABEL A. CROSBY, Respondent, *v.* SARAH STEPHAN, Impleaded, etc., Appellant.

An order of General Term reversing, with costs, an order denying a motion to punish a defendant for alleged contempt in violating an injunction, and remitting the matter to the court below to proceed against defendant, is not reviewable here, even so far as it awards costs.

Where costs are awarded by an order, and depend upon the conclusion reached upon the merits of the motion, and this court has no jurisdiction to review the subject-matter of the order, it may not review the question as to the propriety of the award of costs.

The rule that questions of costs in legal actions and proceedings are reviewable here whenever legitimately before the court, unless the allowance was discretionary, does not apply, when, in order to determine whether costs were properly allowed or not, it is necessary to review matters over which the court has no jurisdiction.

In any event to entitle a party to review the portion of an order awarding costs, the notice of appeal should state specifically that it is from such part of the order.

*Bergen* v. *Carman* (79 N. Y. 146), limited.

(Argued December 9, 1884; decided January 20, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made May 14, 1884, which reversed an order of the county judge of Ulster county, the nature of which is stated in the opinion. (Reported below, 32 Hun, 478.)

*A. T. Clearwater* for appellant. The amount received by a wife upon a policy of insurance, issued upon the life of her husband, for the benefit of herself and children, is not subject to the claim of her creditors. (*Leonard* v. *Clinton*, 26 Hun, 288; *Barry* v. *Eq. Life Assurance Society*, 59 N. Y. 593; *Smillie* v. *Quinn*, 25 Hun, 332; 90 N. Y. 492; *Eadie* v.

*Slimmon,* 26 id. 9; *Glanz* v. *Glockler,* 15 Term R. 334; *Beer* v. *Sarger,* 10 Weekly Dig. 340; *Bloomingdale* v. *Lieberger,* 24 Hun, 355.) The defendant's act in drawing the money from the bank was, like the disposition of property, exempt from execution, of which creditors cannot complain. (90 N. Y. 498; *Youmans* v. *Boomhover,* 3 T. & C. 21; *Whiting* v. *Barrett,* 7 Lans. 106; *Mathews* v. *Feaver,* 1 Cox, 278; *Hibben* v. *Sayer,* 33 Wis. 319; *Pike* v. *Miles,* 23 id. 164; *Dreutzer* v. *Bell,* 11 id. 114; *Smith* v. *Ramsey,* 33 Mich. 183; *Lishy* v. *Perry,* 6 Bush, 315; *Delashutt* v. *Frau,* 44 Iowa, 613; *Vaugn* v. *Thompson,* 17 Ill. 78; *Mecliester* v. *Gaddy,* 72 N. C. 115; *Legro* v. *Ward,* 10 Me. 161; *Hixon* v. *George,* 18 Kans. 253; *Dearman* v. *Dearman,* 4 Ala. 521; *Planters' Bk.* v. *Henderson,* 4 Humph. 75; *Wolf* v. *Van Metre,* 23 Iowa, 397; *Derby* v. *Weyrich,* 8 Nev. 174; Kerr on Fraud, 209; *Gassett* v. *Gront,* 4 Metc. 486; *McCauley* v. *Rodes,* 7 B. Monr. 462; *Partridge* v. *Arnold,* 73 Ill. 600.) The act of the defendant in simply drawing the money from the Rondout Savings Bank, without spending or otherwise disposing of it, was not such a violation of the orders of the county judge as rendered her liable to punishment. (*Weeks* v. *Smith,* 3 Abb. Pr. 211.) The order of the county judge denying the motion to punish the defendant for contempt is not the subject of review on appeal. Every court is the exclusive judge of its own contempts. (*Ex parte Chamberlain,* 4 Cow. 49; *Bennett* v. *Le Roy,* 5 Abb. Pr. 156.)

*Howard Chipp, Jr.,* for respondent. The order appealed from is not a final one, and is not, therefore, appealable to this court. (Code of Civ. Pro., § 190.) Defendant's proper course was to again appeal before the county judge, and in case he made a final order punishing her for contempt, to appeal therefrom. Her appeal now is premature, as no final order has been made, and the matter is open before the county judge for his decision. (*Brinckley* v. *Brinckley,* 47 N. Y. 47; *Atl. & P. Tel. Co.* v. *B. & O. R. Co.,* 87 id. 355; *Ballerman* v. *Finn,* 40 id. 340; *Simmonds* v. *Tyng,* 75 id. 612; *Sixth Ave. Co.* v.

*Gilbert Co.*, 71 id. 434.) *Prima facie*, all the property of a judgment debtor is liable for debts, and if he would claim an exemption he must bring himself within some exemption act. (*Darius* v. *Prosser*, 32 Barb. 290; *Tiernan* v. *Swart*, 4 Lans. 263.) Chapter 80, Laws of 1840, simply exempts the insurance moneys from claims of creditors of the husband, and it makes no exemption from seizure by the creditors of the wife. (*Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equitable Ins. Co.*, 59 id. 587; *Smillie* v. *Quinn*, 90 id. 492; *Belt* v. *Keyhoe*, 30 Hun, 619.) The drawing out of the moneys was a direct interference by her with her property, and a violation of the orders, and made her guilty of contempt. (*People* v. *Kingsland*, 3 Keyes, 325; 3 Abb. Dec. 129; *Mayor, etc.*, v. *Conover*, 5 Abb. Pr. 244.)

RUGER, Ch. J. The appeal in this case is taken from an order of the General Term reversing an order of the county judge, with costs. The order of the county judge was made in a special proceeding instituted to punish the appellant for an alleged contempt in violating the injunction order issued by him in supplementary proceedings, and denied the relief asked for by the motion. Upon appeal the General Term reversed this order, with $10 costs and printing disbursements, and remitted the matters involved in the motion to the county judge to proceed against the defendant. This determination of the General Term was not final, and is, therefore, not only unappealable to this court upon any question affecting the merits, but the Code expressly denies us jurisdiction to review the subject-matter of the order. (§ 190, subd. 3; *Roe* v. *Boyle*, 81 N. Y. 305.)

It would seem to follow necessarily from this fact that when costs are awarded by such an order, and depend upon the conclusion reached upon the merits of the motion, the question as to whether they are properly imposed or not is not reviewable, and that this court cannot consider the propriety of the order even so far as it awarded costs. Such a review could only be had and properly determined after a consideration of the merits

of the controversy, and we should thereby indirectly assume a jurisdiction which the Code has expressly denied to us. (*Fredenburgh* v. *Biddlecom*, 85 N. Y. 196.) The matter of costs is, in most cases, and especially those relating to motions and orders, a mere incident of the controversy, and in such a case it is obviously improper to make the incidental attendant of the subject-matter a pretext for exercising a jurisdiction which the legislature has refused to give us when legislating directly upon the subject. To hold otherwise would deprive the limitation imposed upon our jurisdiction of its legitimate effect, and make most if not all of the orders entered at General Term appealable here.

The general rule in courts of equity did not formerly allow an appeal or rehearing in respect to costs alone, unless they constituted a part of the relief sought by the bill, or were erroneously charged upon an estate or fund, or when the appeal presented a mere question of statutory regulation in respect to their allowance or denial. (2 Madd. Ch. Pr. 762; 2 Dan. Ch. Pr. 1463, 1466; *Travis* v. *Waters*, 1 Johns. Ch. 48; *Eastburn* v. *Kirk*, 2 id. 317; *Rogers* v. *Holly*, 18 Wend. 350.) This rule was so strictly adhered to that the courts would not permit it to be evaded, by coupling the appeal for costs, with another ground which was unfounded, for the mere purpose of giving color to the appeal for costs. (2 Dan. Ch. Pr. 1466.) The wisdom of these rules and their salutary nature cannot be questioned, for the continuation of a litigation with respect to its mere incidents, after its merits have been disposed of, is contrary to sound public policy and the maxim: "*Interest reipublicæ ut sit finis litium.*"

It has, however, been frequently held that the question of costs in legal actions, and proceedings, affects a substantial right, and is reviewable in this court whenever it is legitimately before us, unless their allowance was discretionary. (*Sturgis* v. *Spofford*, 58 N. Y. 103; *McGregor* v. *Comstock*, 19 id. 581; *Bergen* v. *Carman*, 79 id. 146.) But it is not so when we are required to review matters over which we have no jurisdiction in order to determine whether costs have been properly allowed

or not. (*Matter of West Shore*, 94 N. Y. 292.) When the question of costs is matter of strict right, or the principal object of the controversy, an appeal, if properly taken, from such part of the order as awards costs may be reviewed in this court. (*Matter of West Shore, supra.*) But in order to entitle a party to such review the notice of appeal should state that it is specifically taken from such part of the order. (§ 1300, Code of Civ. Pro.) Questions of costs may also be reviewed here when they arise in connection with other questions in the case properly before us. The case of *Bergen* v. *Carman* (*supra*) was somewhat limited by the case of the *Matter of the West Shore* (*supra*), and so far as it expresses views contrary to those herein stated we are inclined, upon maturer consideration, to reconsider it, and hereafter to follow the practice indicated in this opinion.

The appeal should be dismissed.

All concur.

Judgment accordingly.