THE PEORIA, BLOOMINGTON AND. CHAMPAIGN TRACTION COMPANY *vs.* FRANK A. VANCE *et al.*

*Announced orally October 13, 1911.*

1. EMINENT DOMAIN—*land owner not liable for costs on appeal by petitioner.* An appeal by the petitioner from a condemnation judgment is but a continuation of the petitioner's effort to have the land owner's compensation ascertained, and the costs on such appeal are in the same category as costs in the trial court, and hence no judgment for costs can be rendered against the land owner even though the condemnation judgment is reversed.

2. COSTS—*statute concerning costs, on appeal, does not apply to appeal by petitioner in condemnation case.* The provisions of the statute in regard to costs on appeals to the Supreme Court cannot be applied to an appeal by the petitioner in a condemnation case, as to do so would deprive the land owner of his constitutional right to full compensation for his land.

MOTION to quash fee bills.

Mr. JUSTICE DUNN announced the ruling of the court:

The Peoria, Bloomington and Champaign Traction Company instituted in the county court of McLean county proceedings for the condemnation of land belonging to Frank A. Vance and others, for its right of way. A trial was had. The traction company, not being satisfied with

the assessment, appealed to this court, and at the February term, 1907, the judgment of the county court was reversed and the cause was remanded. It was tried again in the county court. The traction company again appealed from the judgment rendered, and at the April term, 1908, the second judgment was reversed and the cause was again remanded. In June, 1911, fee bills were issued against the land owners, appellees, for the collection of the costs of these two appeals. The land owners having replevied the fee bills, they were returned, together with the bonds, by the sheriff, and the appellees have now made a motion to quash the fee bills.

In proceedings for the appropriation of land to the public use the owners of the land are entitled to full compensation, without deduction for any part of the costs incurred in the ascertainment of the amount. These must be borne by the party seeking to take the property, in whatever court it institutes proceedings for that purpose. If, dissatisfied with the assessment, it seeks to reduce the amount by an appeal to another tribunal, such appeal is but a continuation of its effort to have the compensation to be paid the owner for his property ascertained, and its costs on such appeal are in the same category as costs in the trial court. The provisions of the statute in regard to costs on appeals to the Supreme Court cannot be applied to cases of this kind, because to do so would deprive the owner of his constitutional right to full compensation for his land. The same view was held by the Court of Appeals of the State of New York in a like case. In *Matter of New York, West Shore and Buffalo Railway Co.* 94 N. Y. 287, it is said, on page 294: "The appeal was taken by the company because it was dissatisfied with the amount awarded, and was a continuation of the proceeding instituted by it to ascertain the compensation payable to the land owners and to acquire their land against their will. In such a case, to

compel the land owners to pay any part of the expenses incurred by the company for the purpose of ascertaining the compensation, which proceedings were an indispensable condition of its right to take the land, would conflict with the constitutional right of the land owners to just compensation. They are entitled to the full amount of their damages when finally ascertained, and this amount cannot be diminished by allowing to the company its own expenses incurred in ascertaining it or in endeavoring to reduce it." It may be that a different rule would apply if the appeals had been taken by the land owners, but in cases like these, in which the appeals were taken by the party seeking to condemn, no judgment for costs can be rendered against the land owners.

The motion to quash will be allowed and the fee bills quashed.

*Motion to quash allowed.*