THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* ADAM P. KECK *et al.* Appellants.

*Opinion filed April 21, 1928.*

1. HIGHWAYS—*when jury properly denies damages to land not taken in laying out hard road.* In a condemnation proceeding for the taking of a right of way for a hard road, where the only evidence in the record on the question of damages to land not taken is that the lands will be substantially increased in value by the location of the hard road, it is proper for the jury to deny damages.

2. SAME—*an instruction as to who pays for hard road right of way is properly refused in condemnation proceeding.* In a condemnation proceeding for the taking of a right of way for a hard road, an instruction telling the jury that the property sought to be taken is to be paid for by the State and not by the county or town is properly refused, as it is not a statement of a proposition of law and has no bearing on the amount of damages.

3. EMINENT DOMAIN—*when evidence of sales of other property is not admissible.* In a condemnation proceeding, evidence of sales of other property in the vicinity is not admissible where there is no showing that the lands sold are similar in locality, character or usefulness to the land condemned.

4. SAME—*land owners not entitled to costs of appeal.* The rule that property owners are entitled to full compensation for property taken or damaged, without deduction for any part of the costs incurred in the ascertainment of the amount, does not apply to the costs created by the property owners appealing to the Supreme Court, and it is not error to require them to give an appeal bond.

APPEAL from the County Court of St. Clair county; the Hon. W. R. WEBER, Judge, presiding.

JAMES O. MILLER, for appellants.

FARMER & KLINGEL, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This proceeding was brought in the county court of St. Clair county by the Department of Public Works and Buildings to condemn a right of way for a portion of Route 13 of the State highway system over a tract of five acres of land owned by appellants, Adam, Louisa and Mary Keck. The proceeding involved the taking of one and seven-tenths acres through the middle of the tract. The jury awarded appellants the sum of $80.25 for the land taken and found that there was no damage to the lands not taken. Appellants have appealed.

The five-acre tract is triangular in shape and is cut off from the rest of appellants' farm by a railroad right of way. Most of the land is hillside and slopes from three directions down to a branch which runs through the tract. It is thin, rough land and is seldom cultivated. It is unfenced, and except for a small patch from which hay is cut it lies idle most of the time.

Six witnesses testified that the land taken for road purposes had a maximum value of $75 an acre, some of them fixing the value as low as $50. Two witnesses testified on behalf of appellants—G. W. Phillips, who says the land taken is worth $100 an acre and that he does not know what effect the taking will have on the rest of the tract, and Adam P. Keck, one of appellants, who fixes the value of the land taken at $200 an acre but gives no opinion as to the damage to the land not taken. Keck admits that this land has never been fenced and that he allows those patches which he undertakes to cultivate to lie idle every other year in order to build up the soil.

When the highway has been built through this tract it will be divided by the highway and the branch into four irregular tracts. The witnesses for appellee testify that there is a demand for such tracts for petroleum products

stations and country homes of persons employed in the city who want small tracts on which to raise garden truck and poultry.  This tract is about five miles from East St. Louis and is on the main highway from that city into southern Illinois.  Appellants' farm buildings and other buildings are situated across the railroad right of way from the public highway, and in order to reach the highway they must cross this five-acre tract and maintain a private bridge across the branch.  After the highway has been re-located and improved according to the plans of appellee, appellants will be relieved of the expense of maintaining a private bridge and their private road to the public highway will be shorter and better.  The only evidence in the record on the question is to the effect that the lands not taken are substantially increased in value by the location of a hard road through them.  The jury properly denied damages. *Department of Public Works and Buildings* v. *Caldwell,* 301 Ill. 242.

Appellants contend that the court erred in refusing to receive testimony concerning the sales of other property in the vicinity, but this contention cannot be sustained for the reason that no foundation was laid for the admissibility of such proof.  The lands sold were not similar in locality, character or usefulness. *Kankakee Park District* v. *Heidenreich,* 328 Ill. 198.

Appellants assign error upon the refusal of the court to give an instruction telling the jury that the property sought to be taken was to be paid for by the State of Illinois and not by the county or town.  How the question of who is to pay the damages awarded can have any bearing on the question of the amount of damages is not shown by appellants.  The instruction was not a statement of a proposition of law and was properly refused.

Finally, appellants complain of the order of the county court requiring them to give an appeal bond, claiming that there can be no judgment for costs rendered against them.  It has been held that in proceedings for the appropriation

of land to the public use the owners of the land are entitled to full compensation, without deduction for any part of the costs incurred in the ascertainment of the amount, (*Peoria, Bloomington and Champaign Traction Co.* v. *Vance,* 251 Ill. 263,) but this rule does not apply to the costs created by the defendants to the petition to condemn upon their appeal to this court. *Forest Preserve District* v. *Kean,* 303 Ill. 293.

The judgment of the county court is affirmed.

*Judgment affirmed.*