96 F.2d 239 (1938)
In re BOSWELL.
MOORE
v.
BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.[*]
No. 8708.
Circuit Court of Appeals, Ninth Circuit.
April 18, 1938.
As Amended June 6, 1938.
*240 Craig & Weller, by Frank C. Weller and Thomas S. Tobin, all of Los Angeles, Cal. (Thomas S. Tobin, of Los Angeles, Cal., of counsel), for appellant.
Louis Ferrari, of San Francisco, Cal., and Edmund Nelson and Hugo A. Steinmeyer, both of Los Angeles, Cal., for appellee.
Grant H. Wren, of San Francisco, Cal. (Clarence A. Shuey and Arthur L. Shannon, both of San Francisco, Cal., of counsel), for Board of Trade of San Francisco as amicus curiæ
Layton & Boyrie, of Portland, Or., for National Ass'n of Credit Men, as amicus curiæ.
Robert G. Partridge, of San Francisco, Cal., for Commercial Credit Co. as amicus curiæ.
Before DENMAN, MATHEWS, and HEALY, Circuit Judges.
DENMAN, Circuit Judge.
This is an appeal from an order of the District Court permitting appellee Bank of America, a creditor of the bankrupt Boswell, to reclaim from the jurisdiction of the trustee certain personal property in the bankrupt's possession at the time of his adjudication.
The bank asserted title to the property under a security instrument known as a "trust receipt." It had been purchased on open account by the bankrupt. Thereafter the bank advanced some $800 to the bankrupt, which the latter used to pay for the property. As security for the advance, the bankrupt gave the bank the trust receipt stating that bankrupt (trustee) held the goods in trust for the bank (intruster).
Failing default on the part of the trustee, the instrument recited, he was permitted to keep and display for sale and sell the property, the lien of the trust receipt following the proceeds of any such sale. *241 The bank was not required to record the secret lien given it by the bankrupt before 30 days had elapsed.
It is conceded that this entire security transaction, including its fruits by way of a valid title in the bank, is in conformity with a statute of the State of California known as the "Uniform Trust Receipts Act of California." Cal.Stats.1935, p. 1930, § 1, Civil Code, §§ 3012-3343.
The appellant trustee in bankruptcy, however, resists the lien of the bank on the ground that this trust receipts statute is void for repugnancy to the California Constitution. If the act is void for the reason stated, the lien of the trust receipt, of course, is invalid and the bank may not remove the property from the jurisdiction of the trustee.
The one and only particular in which appellant claims the statute transgresses the State Constitution is that it embraces more than one subject and that the subject is not expressed in the title.
Section 24, article 4 of the California Constitution reads: "Every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title. No law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended."
The title of the assailed statute is: "An act to add a new chapter to Title XIV of Part IV of Division Third of the Civil Code to be known as Chapter III-A thereof, in relation to trust receipts and pledges of personal property unaccompanied by possession in the pledgee and to make uniform the law relating thereto and to amend section 2988 of the Civil Code relative to the lien of the pledgee."
In brief, the appellant contends: (1) That the statute embraces more than one subject; that it sets up a system of secret liens and it repeals by implication several long standing provisions requiring either recordation or transfer of possession as a prerequisite to the validity of personalty liens by mortgage or pledge. (2) It is claimed that none of these features of the act is adequately expressed in the title.
In this appeal this federal court is asked to declare invalid a legislative enactment of the State of California as in violation of the Constitution of that state. The adjudicating of such an issue, in which the courts of the state are of authority paramount to ours, presents double reason for the application of the principle declared in Ogden v. Saunders, 12 Wheat. 213, 270, 6 L.Ed. 606, that: "It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body, by which any law is passed, to presume in favor of its validity, until its violation of the constitution is proved beyond all reasonable doubt."
This court is not only asked to set aside the act of a legislature, but the legislature of a government different from that in which we function. Michigan Central R. Co. v. Powers, 201 U.S. 245, 290, 291, 26 S.Ct. 459, 50 L.Ed. 744. That government places the same obligation on its judicial tribunals as Ogden v. Saunders places upon us. People v. Monterey Fish Products Co., 195 Cal. 548, 556, 234 P. 398, 38 A.L.R. 1186; People v. Globe Grain & Milling Co., 211 Cal. 121, 127, 294 P. 3; Johnson v. Gentry, 220 Cal. 231, 235, 30 P.2d 400, 92 A.L.R. 1264.
We agree with the admirably reasoned opinion of the District Judge and have but these comments to add:
The essential character of the "trust receipts" has long been understood by the mercantile and banking community. Such "trust receipts" include the long-established method of securing mercantile loans by a transaction in which the lender, having no prior title in the goods upon which the lien is to be given, and without having possession, which remains in the borower, lends his money to the borrower upon the security of the goods, which the borrower is privileged to sell clear of the lien, he agreeing to pay all or part of the proceeds of the sale to the lender. The documents in which the transactions are expressed are known in the business and banking world as "trust receipts."
The Supreme Court of California, in the leading case of Arena v. Bank of Italy, 194 Cal. 195, 209, 211, 228 P. 441, classifies as a "trust receipt" a document creating a lien identical in character with that given to appellee Bank of America and holds such a "trust receipt" as invalid under the existing statute because, being an attempt to create a title in the lender analogous to that of a *242 chattel mortgage, there was absence of recordation. In describing the document of such a transaction as a "trust receipt", but holding it invalid under the existing statutes, the court establishes the meaning of the term as used in the challenged title to the act in question.
It is therefore clear that whether the principal analogy with the trust receipt is the pledge or the chattel mortgage, the title of the California act by use of the phrase trust receipt, properly discloses that the purpose of the act may be to make valid a trust receipt transaction theretofore held invalid.
Appellant contends that in so doing the act does more than make legal the particular type of personalty security of the trust receipt, whether they be pledges or chattel mortgages. It claims it has repealed by implication statutes which had existed for well over half a century.
An examination of the appellant's brief, and the several briefs amicus curiæ, fails to disclose a single security transaction other than the trust receipt, whether pledge or chattel mortgage, which will not be governed by exactly the same laws as existed before the challenged legislation was enacted.
The gravamen of the argument of those attacking the act is that, with the trust receipt there may be for a period of 30 days a secret lien, and this factor will prove so popular with borrowers and lenders that there will be none or very few other personalty security transactions  a very bad thing because, for a time, it permits secrecy. It is obvious that this has to do with the wisdom of the legislature, with which no court is concerned. If it were true that no one would use any form of pledge or chattel mortgage other than the trust receipt, this is no argument that the laws controlling such vanished transactions have been repealed.
There is no reason to review the California cases successively making more liberal the construction of the title of an act as complying with article 4, § 24, of the Constitution of that state. In our opinion the title satisfies the requirements of that Constitution under the criteria of all the California cases cited by appellant.
Affirmed.
NOTES
[*] Rehearing denied June 6, 1938.