## GRAND RIVER DAM AUTHORITY v. JARVIS et al.

### No. 2362.

Circuit Court of Appeals, Tenth Circuit.

Jan. 2, 1942.

R. L. Davidson, of Tulsa, Okl., and Q. B. Boydstun and Jesse L. Ballard, both of Vinita, Okl., for appellant.

A. Scott Thompson, Joseph S. Thompson, and Perry Porter, all of Miami, Okl., for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, the Grand River Dam Authority, a public corporation, instituted condemnation proceedings against appellee A. M. Jarvis to acquire a tract of land owned by him. Commissioners were appointed to appraise the property and fix the award. They fixed a total aggregate value of the property of $5,895. On April 2, 1940, after having demanded a jury trial, appellant deposited the amount of the award in court, together with an impounding fee of one per cent, and took possession of the property. The court thereafter, upon application of appellee, directed the clerk to distribute the funds as follows:

To:

| | |
|---|---:|
| The Federal Land Bank of Wichita, a corporation, mortgagee | $1,967.86 |
| Catherine Robinson, et al., Trustees of the estate of James F. Robinson, deceased, mortgagees | 1,120.00 |
| Russell Doss, County Treasurer of Ottawa County, Oklahoma, taxes | 11.98 |
| A. M. Jarvis, landowner | 2,795.16 |

On March 12, 1941, a trial was had by jury, which resulted in a verdict reducing the award to $5,000. Thereafter, on March 17, 1941, appellant filed a motion to tax all costs of the proceeding subsequent to the

commissioners' proceedings against the landowner and the mortgagees, and for judgment against appellee and the mortgagees for the $895, together with interest thereon at the rate of six per cent from April 2, 1940, the date on which the money was deposited in court. The court entered judgment in favor of appellant and against appellee Jarvis for $895, together with interest at six per cent from the date of the judgment, and taxed all costs to appellant. From this judgment appellant has appealed, assigning as error: First, the refusal of the court to assess all costs subsequent to the commissioners' proceedings against appellee; second, the refusal of the court to enter judgment against the two mortgagees for return of the $895; and, third, the refusal of the court to enter judgment in favor of appellant for interest from the date it deposited the amount found due by the commissioners in court.

Sec. 24, Art. 2 of the Oklahoma Constitution, Okl.St.Ann., provides that: "Private property shall not be taken or damaged for public use without just compensation." It further provides that such compensation shall be ascertained by a Board of Commissioners of not less than three freeholders appointed in such manner as may be prescribed by law, and that any party aggrieved shall have the right of appeal without bond, and trial by jury in a court of record.

The primary and most serious question presented is whether assessing any part of the costs in the condemnation proceedings on appeal subsequent to the commissioners' proceedings against appellee violates the constitutional provision which provides for just compensation.

Without exception, the decisions hold that in an original proceeding for the condemnation of land the costs arising in that proceeding fall on the condemnor. The reason therefor is that to take the land against the landowner's wishes and then charge him for the cost of taking would violate the constitutional prohibition against the taking of private property without just compensation. Lewis on Eminent Domain, 3rd Ed., Sec. 812, states the rule as follows: "It seems to us that courts should be guided by the following principles and consideration in the matter of costs: By the Constitution the owner is entitled to just compensation for his property taken for public use. He is entitled to receive this compensation before his property is taken or his possession disturbed. If the parties cannot agree upon the amount, it must be ascertained in the manner provided by law. As the property cannot be taken until the compensation is paid, and as it cannot be paid until it is ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn the property, and he should pay all the expenses which attach to the process. Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional."

A different question arises where the law provides for a review of the condemnation proceedings by appeal and for the assessment of costs against the landowner therein. There is a well reasoned line of cases which holds that where an appeal is taken, costs may not be assessed against the landowner no matter by whom the appeal is taken and no matter what the outcome thereof. The rationale of this holding is that an appeal is but another step in the condemnation proceeding seeking to establish the compensation of the owner. These cases hold that an appeal is merely a continuation of the condemnation proceedings and that no part of the cost thereof may be assessed against the landowner. City of Oakland v. Pacific Coast Lbr. & Mill Co., 172 Cal. 332, 156 P. 468, Ann.Cas.1917E, 259; In re New York, West Shore & Buffalo Ry. Co., 94 N.Y. 287; Lewis on Eminent Domain, § 559; Peoria, B. & C. Traction Co. v. Vance, 251 Ill. 263, 95 N.E. 1081, 36 L.R.A.,N.S. 624, Ann.Cas.1912C, 532.

There is another line of cases which holds that the condemnation proceedings end with the determination of the award by the tribunal established for that purpose, and that an appeal thereafter is a separate proceeding and that allowing costs on appeal as in other cases does not violate a constitutional provision requiring just compensation to the owners of the land taken under the power of eminent domain. Douglas et al. v. Indianapolis & N. W. Traction Co., 37 Ind.App. 332, 76 N.E. 892; Moffat v. City and County of Denver, 57 Colo. 473, 143 P. 577; Music v. Big Sandy & K. R. Co., 163 Ky. 628, 174 S.W. 44, Ann.Cas. 1916E, 689.

Sec. 11933, O.S.1931, 66 Okl.St. Ann. § 55, provides for a review of the report of the commissioners by the District Court upon written exceptions filed by either party within sixty days, and that the court may thereupon either confirm, reject

or order new appraisement on good cause shown. This section provides further that if either party does not wish a review by the District Court, it may within thirty days demand a trial of the issue by a jury; that where review is had by the District Court it shall make such order therein as right and justice may require; that where a trial is had by a jury it shall be conducted and judgment entered in the same manner as civil actions in the District Court; that if the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the District Court may be taxed against him.

Sec. 11934, O.S.1931, 66 Okl.St.Ann. § 56, provides that either party aggrieved may appeal from the decision of the District Court to the Supreme Court; that in no case shall the corporation be liable for the costs on review or appeal unless the owners of such real property shall be adjudged entitled upon either review or appeal to a greater amount of damages than was awarded by the commissioners. Literally construed, there is an apparent conflict in the provisions of these two sections. However, a rational consideration of the two sections together leads to the conclusion that the award of the commissioners constitutes prima facie adjudication or just compensation; that if either party is aggrieved it may appeal, and if it is successful in overturning the award it is entitled to recover the costs of such review or appeal, but if unsuccessful the court may in its discretion tax the costs against the unsuccessful party.

■ There is present here no federal question. It is simply a question of examining a legislative enactment in the light of the state constitution to determine if authority exists in the constitution for the enactment of the statute. We are asked to declare a state law unconstitutional, to say that the legislature exceeded its constitutional authority in the passage of the law. The Supreme Court of the State of Oklahoma has not spoken in this matter and we lack a controlling decision from that court to guide us in resolving the question. The matter is, however, properly before us for decision. It is well established by federal decisions that in such a case all doubt and uncertainty will be resolved in favor of constitutionality and that only in the clearest of cases will a federal court hold that the legislature has violated the state constitution. In Fletcher v. Peck, 6 Cranch 87, 128, 3 L.Ed. 162, it was held that a federal court will not declare a state law unconstitutional unless the opposition between the constitution and the law be clear and plain. In Ogden v. Saunders, 12 Wheat. 212, 270, 6 L.Ed. 606, the Supreme Court said: "It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body, by which any law is passed, to presume in favor of its validity, until its violation of the constitution is proved beyond all reasonable doubt." In Michigan Central R. R. v. Powers, 201 U.S. 245, 291, 26 S.Ct. 459, 461, 50 L.Ed. 744, Justice Brewer said: "All objections to the validity of the act, whether springing out of the state or of the Federal Constitution, may be presented in a single suit, and call for consideration and determination. At the same time the Federal courts will be reluctant to adjudge a state statute to be in conflict with the state Constitution before that question has been considered by the state tribunals." In Louisville & Nashville R. Co. v. Garrett, 231 U.S. 298, 305, 34 S.Ct. 48, 51, 58 L.Ed. 229, Justice Hughes said: "* * * this court has often expressed its reluctance to adjudge a state statute to be in conflict with the Constitution of the state before that question has been considered by the state tribunals,—to which it properly belongs,—unless the case imperatively demands such a decision." To the same effect, see Bergman v. Kearney, D.C.Nev., 241 F. 884; Kentucky-Tennessee Light & Power Co. v. City of Paris, Tenn., 6 Cir., 48 F.2d 795, 799; In re Boswell, 9 Cir., 96 F.2d 239.

■ We are confronted with a line of well reasoned decisions from the courts of last resort of a number of states having similar constitutional provisions which uphold similar legislative enactments. In the light of these decisions and the absence of a controlling decision by the Supreme Court of Oklahoma, we feel duty bound to resolve whatever doubt there is in favor of the constitutionality of the legislative enactment.

■ Complaint is made that the court refused to enter judgment against the two mortgagees for a return of the overpayment of $895. They had a lien on the land for the amount of their debt. They were entitled to receive all of the proceeds until their mortgage debt was paid and discharged. Had petitioner paid into court only the $5,000 ultimately found due, they

would still have received the same amount they did receive. They received no more than was due them. If they now are required to repay a part of what they received, their secured debt would remain unpaid to that extent. The excess went to Jarvis and not to them, and he alone is required to repay.

 Finally, it is contended that the court should have allowed interest on the $895 from the day appellant paid the money into court, rather than from the date of judgment. The award by the commissioners was presumptively correct. Until the amount of the award was finally determined in the appeal, appellant's claim for a refund on account of having paid the commissioners' award into court was an unliquidated claim, incapable of ascertainment. It is well settled and needs no citation of authorities in support thereof that interest may not be allowed on an unliquidated claim. The trial court was wrong in concluding that appellant was liable for all the costs on the appeal. In all other respects the judgment of the trial court is approved.

Reversed and remanded, with directions to proceed in conformity with the views expressed herein.

PHILLIPS, Circuit Judge (dissenting in part).

Sections 55 and 56, Title 66, Okl.St.Ann., §§ 11933 and 11934, O.S.1931, were originally a part of the statutes of the Territory of Oklahoma, Ch. 17, Art. 9, § 28, St. of Okl.1893, and by Art. 2 of the Schedule to the Oklahoma Constitution, Okl.St.Ann., they were extended to and continued in force in the state of Oklahoma, except to the extent they are repugnant to the Constitution.

Section 55 provides for the review by the district court of the report of the commissioners on written exceptions filed by either party, or in the alternative for a jury trial on demand of either party, and that if a jury trial is demanded, that the damages shall be assessed by the jury. It provides further that if the "party demanding such [jury] trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court *may* be taxed against him." (Italics mine.)

Section 56 provides for an appeal from the decision of the district court to the Supreme Court by either aggrieved party and that "in no case shall said corporation

[condemnor] be liable for the costs on such review or appeal, unless the owner of such real property shall be adjudged entitled, upon either review or appeal, to a greater amount of damages than was awarded by said commissioners. The corporation shall in all cases pay the costs and expenses of the first assessment."

It will be observed that § 55 provides for a review and § 56 for an appeal and the latter provides that on review or appeal, costs shall not be assessed against the condemnor unless the award of the commissioners is increased; and § 55 provides as an alternative to a review that either party may demand a jury trial and if the party demanding a jury trial does not receive a more favorable verdict than the assessment of the commissioners, all costs in the district court may be taxed against him. It is, therefore, my conclusion that the statute provides that the condemnor shall pay the costs and expenses of the first assessment; that on a review or appeal, but not in case of trial by jury, the costs shall not be adjudged against the condemnor, unless on such review or appeal the award of the commissioners is increased; and that on trial by jury if the demanding party does not recover a verdict more favorable to him than the assessment of the commissioners, the costs in the discretion of the court may be assessed against him.

I find no conflict in the two sections to be reconciled, if we apply them as written. Section 56 covers costs of the original assessment and on review and appeal; and § 55 covers costs in the event of a jury trial and leaves their assessment to the sound discretion of the court.

Here, the Authority sought condemnation and caused an award to be fixed by the commissioners. The landowner made no objection to the award, and took no steps to have it reviewed either by the court or by a jury. The Authority was not satisfied. It sought further proceedings and demanded a jury trial. The jury assessed the owner's damages at a specific amount, which was less than the award of the commissioners. To deduct from that amount which the jury found to be just compensation, the costs of the jury trial, a proceeding which the landowner neither demanded nor initiated, would result not in the landowner receiving the amount fixed by the jury as just compensation, but that amount decreased by the costs of the jury trial.

Under such circumstances, the court was justified, I think, under the discretion which § 55 gave it, to assess the costs of the jury trial against the Authority.

Section 24 of Art. II of the Oklahoma Constitution provides:

"Private property shall not be taken or damaged for public use without just compensation. Such compensation, irrespective of any benefit from any improvements proposed, shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. The commissioners shall not be appointed by any judge or court without reasonable notice having been served upon all parties in interest. The commissioners shall be selected from the regular jury list of names prepared and made as the Legislature shall provide. Any party aggrieved shall have the right of appeal, without bond, and trial by jury in a court of record. Until the compensation shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner divested. When possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation."

This provision is self-executing. In Missouri, K. & T. Ry. Co. v. State, 107 Okl. 23, 229 P. 172, 175, the court said:

"Section 24, article 2, of the state Constitution, provides specifically:

"'Private property shall not be taken or damaged for public use without just compensation.'

"The section then goes on to prescribe the manner in which damage to same may be ascertained and compensation awarded. The section is self-executing in its provisions."

In Stinchcomb v. Oklahoma City, 81 Okl. 250, 198 P. 508, Syl. 1, the court held that the constitutional provision must be strictly construed in favor of the landowner and against the condemnor.

In proceedings for the appropriation of land to the public use, the owners of the land are entitled to full compensation without deduction for any part of the costs incurred in the ascertainment of the amount. These must be borne by the condemnor in whatever court he institutes proceedings for that purpose. If the condemnor is dissatisfied with the assessment and seeks to reduce the amount by an appeal to another tribunal, such appeal is but a continuation of his effort to have the compensation to be paid the owner for his property ascertained, and his costs on such appeal are in the same category as costs in the original proceeding. When the compensation has once been ascertained by a competent tribunal at the expense of the condemnor, the constitutional requirement is met. If the owner is given a right of appeal or review, it may be upon such terms as to costs as the legislature may deem just. But if the condemnor avails himself of a statute giving him the right of appeal, he cannot cast the costs upon the owner if the assessment is reduced.[1]

Three cases are cited in the majority opinion as supporting the contrary view. Music v. Big Sandy & K. R. R. Co., 163 Ky. 628, 174 S.W. 44, 46, 47, Ann.Cas. 1916E, 689, supports the view herein expressed. Douglas v. Indianapolis & N. W. Traction Co., 37 Ind.App. 332, 76 N.E. 892, does not discuss the constitutional question. It is true that Moffat v. City and County of Denver, 57 Colo. 473, 143 P. 577, sustained an assessment of costs against the landowner where the appeal was taken by the condemnor. However, Dolores No. 2 Land & Canal Co. v. Hartman, 17 Colo. 138, 29 P. 378, supports the view herein expressed, and Keller v. Miller, 63 Colo. 304, 165 P. 774, 777, cites Dolores No. 2 Land & Canal Co. v. Hartman, supra; Lewis on Eminent

1 Lewis on Eminent Domain, 3d Ed., Vol. II, § 812, 815;

18 Am.Jur., p. 1020, § 378;

City of Oakland v. Pacific Coast Lumber & Mill Co., 172 Cal. 332, 156 P. 468, 470, Ann.Cas.1917E, 259;

Music v. Big Sandy & K. R. R. Co., 163 Ky. 628, 174 S.W. 44, 47, Ann.Cas. 1916E, 689;

Peoria, B. & C. Traction Co. v. Vance, 251 Ill. 263, 95 N.E. 1081, 36 L.R.A.,N. S., 624, Ann.Cas.1912C, 532;

Matter of New York, West Shore & Buffalo Ry. Co., 94 N.Y. 287, 294;

Dolores No. 2 Land & Canal Co. v. Hartman, 17 Colo. 138, 29 P. 378;

Petersburg School Dist. v. Peterson, 14 N.D. 344, 103 N.W. 756, 759.

See, also, Broadway Coal M. Co. v. Smith, 136 Ky. 725, 125 S.W. 157, 163, 26 L.R.A.,N.S.. 565.

Domain; City of Oakland v. Pacific Coast Lumber & Mill Co., 172 Cal. 332, 156 P. 468, Ann.Cas.1917E, 259; and Petersburg School Dist. v. Peterson, 14 N.D. 344, 103 N.W. 756, with approval.

I think the statute, properly construed, permitted the assessment of the costs in the instant case against the Authority. However, if it may not be so construed, it is my opinion that it is clearly unconstitutional, and that we should not hesitate to so hold.